

# MEMORANDUM

DATE: 10/18/2016

TO: Cathy Square

FROM: Doug Shaw, City Assessor

RE: Effects of proposed judgement levy

---

I have begun to research this issue in earnest and want to share with you my findings. According to MCL 600.6093, the supervisor or assessing officer shall assess the amount of any judgement, along with costs and interest, upon the taxable value of the City at the next available tax warrant. So assuming this amount is $30,000,000, and the current 2016 taxable value of 119,666,388 the judgement levy would be 250.6970 mills. This amount, would be placed upon either the July or December tax roll, along with the existing other millages. By law this would be a one-time levy, and the non-collected delinquent amounts on the real property component of the assessment roll would be reimbursed to the city by the Wayne County delinquent tax revolving fund (DTRF), and the delinquent amounts on the personal property roll would be the responsibility of the City to collect. Of the 119,666,388 overall 2016 taxable value, 93,963,108 is real property or 78.5%.

The average 2016 taxable value for residential property in Highland Park is 9,043. Using the 2015 millage rate of 73.4953 (Homestead) equates to an average tax bill of $664.62. This would increase to $2,940.71 with the addition of the judgement levy, increasing the tax liability a magnitude of 4.4 times. For example the randomly selected property located at 167 Tennyson, upon adding the judgement levy, would have its taxes increased from $837.85 yearly to $3,695.79.

Additionally, the City's largest taxpayer, DTE Electric Company would have their existing tax liability increase by more than 2.3 million, a taxpayer whom has little or no water usage. Their willingness not to litigate the results of such a judgement levy is unknown. Other large taxpayers such as STNL Highland Park LLC would see an increase of over 1.0 million, and the City's largest commercial center, Model T Plaza, would have a levy of over $900,000.

It would be very likely that the City's collection rate of 65% would significantly decrease if upon average the average tax liability increased 4.4 times. This would lead to the County's DTRF picking up the large majority of the overall burden initially. Any unpaid amounts would lead to tax foreclosure and the very likelihood of the County to never recoup the DTRF.

There is NO mechanism in the law to account for the city's collection rate or for subsequent year's levy of unpaid balance of the judgement. It is a one shot deal.

The portion of the City's tax roll that is attributed to personal property (21.5%) if delinquent, would be collected by the City possibly years after the initial levy and be distributed to DWSD. Two things become clear when I play this scenario out, the County will likely never be made whole on the DTRF and DWSD will never collect the entire amount of the levy.

If the County is not made whole on the DTRF, either through their delinquent collection efforts or subsequent tax sales of foreclosed properties, I do not know what additional recourse they have to collect from the City of Highland Park. This would be something to check on with legal counsel.