

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2016, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

*** This document is current through February 17, 2016 ***

TITLE 40 -- PROTECTION OF ENVIRONMENT
CHAPTER I -- ENVIRONMENTAL PROTECTION AGENCY
SUBCHAPTER B -- GRANTS AND OTHER FEDERAL ASSISTANCE
PART 35 -- STATE AND LOCAL ASSISTANCE
SUBPART I -- GRANTS FOR CONSTRUCTION OF TREATMENT WORKS

**Go to the CFR Archive Directory**

*40 CFR 35.2140*

§ 35.2140 User charge system.

The user charge system (see §§ 35.2122 and 35.2208) must be designed to produce adequate revenues required for operation and maintenance (including replacement). It shall provide that each user which discharges pollutants that cause an increase in the cost of managing the effluent or sludge from the treatment works shall pay for such increased cost. The user charge system shall be based on either actual use under paragraph (a) of this section, ad valorem taxes under paragraph (b) of this section, or a combination of the two.

(a) User charge system based on actual use. A grantee's user charge system based on actual use (or estimated use) of wastewater treatment services shall provide that each user (or user class) pays its proportionate share of operation and maintenance (including replacement) costs of treatment works within the grantee's service area, based on the user's proportionate contribution to the total wastewater loading from all users (or user classes).

(b) User charge system based on ad valorem taxes. A grantee's user charge system which is based on ad valorem taxes may be approved if:

(1) On December 27, 1977, the grantee had in existence a system of dedicated ad valorem taxes which collected revenues to pay the cost of operation and maintenance of wastewater treatment works within the grantee's service area and the grantee has continued to use that system;

(2) The ad valorem user charge system distributes the operation and maintenance (including replacement) costs for all treatment works in the grantee's jurisdiction to the residential and small non-residential user class (including at the grantee's option nonresidential, commercial and industrial users that introduce no more than the equivalent of 25,000 gallons per day of domestic sanitary wastes to the treatment works), in proportion to the use of the treatment works by this class; and

(3) Each member of the industrial user and commercial user class which discharges more than 25,000 gallons per day of sanitary waste pays its share of the costs of operation and maintenance (including replacement) of the treatment works based upon charges for actual use.

(c) Notification. Each user charge system must provide that each user be notified, at least annually, in conjunction with a regular bill (or other means acceptable to the Regional Administrator), of the rate and that portion of the user charges or ad valorem taxes which are attributable to wastewater treatment services.

40 CFR 35.2140

(d) Financial management system. Each user charge system must include an adequate financial management system that will accurately account for revenues generated by the system and expenditures for operation and maintenance (including replacement) of the treatment system, based on an adequate budget identifying the basis for determining the annual operation and maintenance costs and the costs of personnel, material, energy and administration.

(e) Charges for operation and maintenance for extraneous flows. The user charge system shall provide that the costs of operation and maintenance for all flow not directly attributable to users (i.e., infiltration/inflow) be distributed among all users based upon either of the following:

(1) In the same manner that it distributes the costs for their actual use, or

(2) Under a system which uses one or any combination of the following factors on a reasonable basis:

(i) Flow volume of the users;

(ii) Land area of the users;

(iii) Number of hookups or discharges of the users;

(iv) Property valuation of the users, if the grantee has an approved user charge system based on ad valorem taxes.

(f) After completion of building a project, revenue from the project (e.g., sale of a treatment-related by-product; lease of the land; or sale of crops grown on the land purchased under the grant agreement) shall be used to offset the costs of operation and maintenance. The grantee shall proportionately reduce all user charges.

(g) Adoption of system. One or more municipal legislative enactments or other appropriate authority must incorporate the user charge system. If the project accepts wastewater from other municipalities, the subscribers receiving waste treatment services from the grantee shall adopt user charge systems in accordance with this section. These user charge systems shall also be incorporated in appropriate municipal legislative enactments or other appropriate authority of all municipalities contributing wastes to the treatment works.

(h) Inconsistent agreements. The user charge system shall take precedence over any terms or conditions of agreements or contracts which are inconsistent with the requirements of section 204(b)(1)(A) of the Act and this section.

(i) Low income residential user rates. (1) Grantees may establish lower user charge rates for low income residential users after providing for public notice and hearing. A low income residential user is any residence with a household income below the Federal poverty level as defined in 45 CFR 1060.2 or any residence designated as low income under State law or regulation.

(2) Any lower user charge rate for low income residential users must be defined as a uniform percentage of the user charge rate charged other residential users.

(3) The costs of any user charge reductions afforded a low income residential class must be proportionately absorbed by all other user classes. The total revenue for operation and maintenance (including equipment replacement) of the facilities must not be reduced as a result of establishing a low income residential user class.

(Approved by the Office of Management and Budget under control number 2040-0027)

**HISTORY:** *[49 FR 6234,* Feb. 17, 1984, as amended at *55 FR 27097,* June 29, 1990]

**AUTHORITY:** AUTHORITY NOTE APPLICABLE TO ENTIRE SUBPART:
Secs. 101(e), 109(b), 201 through 205, 207, 208(d), 210 through 212, 215 through 219, 304(d)(3), 313, 501, 502, 511 and 516(b) of the Clean Water Act, as amended, *33 U.S.C. 1251* et seq.

**NOTES:** NOTES APPLICABLE TO ENTIRE CHAPTER:
[PUBLISHER'S NOTE: Nomenclature changes to Chapter I appear at *65 FR 47323, 47324, 47325,* Aug. 2, 2000.]
[PUBLISHER'S NOTE: For Federal Register citations concerning Chapter 1 Notice of implementation policy, see: *71 FR 25504,* May 1, 2006.]
[PUBLISHER'S NOTE: For Federal Register citations concerning Chapter 1 Findings, see: *74 FR 66496,* Dec. 15, 2009.]
[PUBLISHER'S NOTE: For Federal Register citations concerning Chapter I Denials, see: *75 FR 49556,* Aug. 13, 2010; *77 FR 42181,* July 18, 2012.]

40 CFR 35.2140

NOTES APPLICABLE TO ENTIRE PART:
[PUBLISHER'S NOTE: For Federal Register citations concerning Part 35 Notice of Availability of Class Deviation, see: *70 FR 29627,* May 24, 2005.]
[PUBLISHER'S NOTE: For Federal Register citations concerning Part 35 Final Guidance, see: *70 FR 61039,* Oct. 20, 2005; *76 FR 709,* Jan. 6, 2011.]

**LexisNexis (R) Notes:**

CASE NOTES

*City of Hays v. Big Creek Improvement, 5 F. Supp. 2d 1228, 1998 U.S. Dist. LEXIS 8214* (D Kan June 1, 1998).

   **Overview:** *A city suing local water districts to enforce sewer contracts was entitled to remand the suit to state court where there was no statutory federal provision completely preempting the claims in the suit.*

   . *40 C.F.R. § 35.2140(h)* provides that the user charge system shall take precedence over any terms or conditions of agreements or contracts which are inconsistent with the requirements of § 204(b)(1)(A) of the Clean Water Act and the regulatory provisions. Go To Headnote