## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "Agreement") is made this 18th day of June, 1996, among and between the CITY OF DETROIT, a municipal corporation, acting through its Board of Water Commissioners and the Detroit Water and Sewerage Department (hereinafter "Detroit"), the CITY OF HIGHLAND PARK, a municipal corporation (hereinafter "Highland Park"), and CHRYSLER CORPORATION, a Delaware corporation (hereinafter "Chrysler").

WHEREAS, Detroit provides sewage treatment and disposal services to Highland Park and its citizens, pursuant to a certain Sewage Service Contract dated June 8, 1983, in which Highland Park agreed, among other things, to pay Detroit for those services at such rates as Detroit may establish from time to time; and

WHEREAS, Chrysler and Highland Park entered into an agreement dated December 1, 1993, whereby Chrysler agreed to pay Highland Park $30 million in various installments and the last installment in the amount of $5 million is due on December 1, 1996; and

WHEREAS, on November 22, 1992, Detroit instituted suit against Highland Park in the U.S. District Court for the Eastern District of Michigan, Southern Division, in civil action no. 92-CV-76775 to recover arrears due from Highland Park to Detroit for sewage wastewater treatment services provided to Highland Park by Detroit; and

WHEREAS, Detroit obtained a Judgment against Highland Park in civil action no. 92-CV-76775 on June 28, 1993, in the amount of $8,093,865.02, for wastewater treatment services provided through March 29, 1993; and

WHEREAS, on August 12, 1994, Detroit instituted suit against Highland Park in the U.S. District Court for the Eastern District of Michigan, Southern Division, in civil action no. 94-CV-73135 to recover arrears due from Highland Park to Detroit for sewage wastewater treatment services provided to Highland Park by Detroit after March 29, 1993; and

WHEREAS, on October 19, 1994, the U.S. District Court, in civil action no. 92-CV-76775 issued a Writ of Mandamus requiring Highland Park to place the full amount of the June 28, 1993 Judgment on its next tax roll; and

WHEREAS, Highland Park filed a motion to set aside or, in the alternative, to reconsider the Writ of Mandamus entered on October 19, 1994, which was denied by Order of the District Court dated November 18, 1994; and

WHEREAS, Highland Park filed a motion to set aside the Judgment or the Writ of Mandamus under Rule 60(b)(6) and for an

-2-

evidentiary hearing on the merits which was denied by Order of the District Court dated December 22, 1994; and

WHEREAS, on January 12, 1995, Highland Park filed a Notice of Appeal from the December 22, 1994 order of the District Court denying Highland Park's post-judgment motion to set aside the Writ of Mandamus, being Appeal No. 95-1076 in the U.S. Court of Appeals for the Sixth Circuit; and

WHEREAS, Chrysler was granted leave to intervene in civil action no. 92-CV-76775 by Order of the District Court dated February 2, 1995; and

WHEREAS, Detroit obtained a second Judgment against Highland Park in civil action no. 94-CV-73135, on February 21, 1995, in the amount of $2,505,210.44 for wastewater treatment services provided through November 1994; and

WHEREAS, on February 28, 1995, the District Court entered a post-judgment Order For Satisfaction Of Judgments, requiring, among other things, that Highland Park pay to Detroit the amount of $1,800,000 within one week from the date of the order and that Chrysler pay directly to Detroit monies otherwise due to Highland Park under a certain agreement between Chrysler and Highland Park dated December 1, 1993; and

WHEREAS, pursuant to the District Court's February 28, 1995 Order For Satisfaction Of Judgments, Highland Park paid to Detroit $1,800,000 on March 7, 1995; and

WHEREAS, on March 24, 1995, Chrysler filed a Notice of Appeal with the U.S. Court of Appeals for the Sixth Circuit

-3-

from the post-judgment Order For Satisfaction Of Judgment of the District Court dated February 28, 1995, being appeal no. 95-1373, alleging among other things, that the District Court's October 19, 1994 Writ of Mandamus was unconstitutional and further that the District Court's order requiring it to pay directly to Detroit the monies otherwise due to Highland Park under the December 1, 1993 agreement was unlawful; and

WHEREAS, Detroit maintains and has maintained that the October 19, 1994 Writ of Mandamus and the February 28, 1995 Order For Satisfaction of Judgments issued by the District Court are lawful, valid orders binding upon both Highland Park and Chrysler and should be affirmed by the U.S. Court of Appeals for the Sixth Circuit; and

WHEREAS, during the pendency of the above-described appeals, the U.S. Court of Appeals for the Sixth Circuit entered an amended order on November 30, 1995, granting a motion by Highland Park and Chrysler to stay that portion of the district court's post-judgment order requiring Chrysler to make direct payment to Detroit monies Chrysler owed Highland Park on the condition that the payments be placed in an escrow account, provided further that alternatively, on the agreement of the parties, the money may be deposited with the Clerk of the U.S. District Court, Eastern District of Michigan, Southern Division (the "Court Escrow"); and

WHEREAS, pursuant to the above-described November 30, 1995 Order of the U.S. Court of Appeals for the Sixth Circuit,

-4-

and with the agreement of the parties, Chrysler has paid into the Court Escrow the sum of $8 million, otherwise due to Highland Park under the December 1, 1993 Agreement between them; and

WHEREAS, the above appeals have been briefed by the parties and oral argument has been heard by the U.S. Court of Appeals for the Sixth Circuit on December 5, 1995; and

WHEREAS, during the pendency of the above-referenced appeals, Highland Park has fallen further into arrears for wastewater treatment services provided by Detroit from December 1994 through the service month of March 1996 (after credit for a payment of $146,817.76 received by Detroit in May, 1996), in the amount of $701,665.05; and

WHEREAS, Detroit, Highland Park and Chrysler mutually desire to amicably resolve the disputes among and between them; to avoid the delays and uncertainties attendant upon further protracted, burdensome and costly litigation; and to provide a means by which Highland Park will be able to satisfy its current and future obligations to Detroit for wastewater treatment services; and

WHEREAS, Chrysler, in order to avoid the risks inherent in litigation and in furtherance of its real estate interests in Highland Park, will (1) provide an advance payment of $2 million on or before June 18, 1996 to Highland Park; (2) stagger payment to Highland Park of the remaining $3 million (both of which payments are due pursuant to the 1993 Agreement between Chrysler

and Highland); and (3) pay $2 million to Detroit not otherwise due or payable to Highland Park.

NOW THEREFORE, it is mutually agreed as follows:

1. (a) Highland Park will adopt a water/wastewater rate increase applicable to service provided by Highland Park to its customers in the amount of 14% and 68%, respectively, or a composite increase of 44%. The resulting water rate will be $12.05 per kcf and resulting wastewater rate will be $22.66 per kcf. The rate increase will be effective July 1, 1996 on all bills rendered on or after August 1, 1996. As a condition precedent to Detroit's acceptance of this settlement agreement, Highland Park shall provide Detroit with a certified copy of the City Council resolution enacting such rate increase.

(b) Highland Park further covenants to take whatever further lawful measures that may be necessary to meet timely its obligations to Detroit under the terms of the June 8, 1983 Sewage Service Contract between them.

2. Chrysler shall pay to Highland Park the sum of $2 million on or before June 18, 1996.

3. On or before June 18, 1996, Highland Park shall enter into a Stipulation, in the U.S. Court of Appeals for the Sixth Circuit, with Detroit and Chrysler, to dismiss the appeals pending in that Court and to obtain an order providing that $4.5 million of the funds currently being held in the Court Escrow by the United States District for the Eastern District of Michigan, Southern Division, pursuant to the Court's November 30, 1995 Order, be disbursed to Detroit, and that the

balance of the Court Escrow, plus any and all interest accrued thereon (less any fees authorized by the Judicial Conference of the United States), be disbursed to Highland Park.

4. The sum of $4.5 million to be received by Detroit from the U.S. District Court, shall be applied as follows:

(a) $701,665.05 shall be applied to satisfy arrears incurred by Highland Park to Detroit for the period December 1994 through March 1996;

(b) The balance thereof, or $3,798,335.95, shall be applied by Detroit toward satisfaction of the unpaid balance of the Judgments entered in favor of Detroit against Highland Park in civil actions nos. 92-CV-76775 and 94-CV-73135 referred to above.

5. (a) The parties will further stipulate to the entry of an Amended Consent Judgment, in the form and content attached hereto, and entry of an Order of Withdrawal and Closure of Escrow Account, in the U.S. District Court.

(b) The mutual rights and obligations of the parties to this Settlement Agreement are contractual and not a mere recital, and shall remain in full force and effect, notwithstanding entry of the Consent Judgment.

6. (a) Highland Park shall maintain the existing escrow account at Omni Bank, account no. 651-000-127. Highland Park shall continue to deposit into said account, on a daily basis, through July 31, 1996, 55% of any and all amounts received by it in payment of bills for water or wastewater treatment services rendered by it to its customers. Beginning

August 1, 1996 and thereafter, Highland Park shall deposit into said account, on a daily basis, 65% of any and all amounts received by it in payment of bills for water or wastewater treatment services rendered by it to its customers. Any and all amounts so deposited shall be held in trust solely for the benefit of the City of Detroit and shall be paid over to the City of Detroit through its Detroit Water and Sewerage Department, on a monthly basis, on or before the 10th day of each month.

(b) Highland Park shall make the financial and accounting records of its Water and Sewerage Department, including bank statements from the above-referenced escrow account, available for inspection, review and copying by Detroit within 15 days after receipt of a written request for such inspection and review. Any inspection, review and copying shall be conducted by Detroit during normal business hours.

(c) Detroit shall first apply any and all amounts received by it from the above-referenced escrow account to satisfy or reduce any existing arrears and then to current services. In the event that any such payments by Highland Park to Detroit result in a surplus in excess of any arrears and current services, such surplus will be returned to Highland Park within 5 days of the end of the month in which such surplus was created.

7. On or before June 18, 1996, Highland Park shall execute and deliver to Detroit a promissory note in the amount

of $1 million, payable July 1, 1997 (the "Highland Park" Note). On or before June 18, 1996, Chrysler shall execute and deliver a promissory note to Highland Park in the amount of $1 million payable July 1, 1997 (the "Chrysler A Note"). On or before June 18, 1996, Highland Park shall assign to Detroit all of its right, title and interest in the Chrysler A Note, which assignment shall have immediate effect. Detroit will accept such assignment in full and complete discharge of Highland Park's obligation to it under the Highland Park Note.

8. On or before June 18, 1996, Chrysler shall execute and deliver to Detroit a promissory note in the amount of $500,000 payable July 1, 1997 (the "Chrysler B Note"), and a promissory note in the amount of $1.5 million payable July 1, 1998 (the "Chrysler C Note").

9. Upon receipt by Detroit of $4.5 million from the Court Escrow as provided in paragraphs 3 and 4 above, and receipt by Detroit of the Highland Park Note, the Assignment by Highland Park to Detroit of the Chrysler A Note, the Chrysler B Note and the Chrysler C Note, Detroit will file full and complete satisfactions of judgments in civil actions no. 92-CV-76775 and 94-CV-73135.

10. All written notices or other communications concerning the Settlement Agreement shall be delivered or mailed to the following addresses:

    (1) Highland Park:    City Clerk
                                        City of Highland Park
                                        3 Gerald Avenue
                                        Highland Park, Michigan 48203

(2) Detroit:  Detroit Board of Water
Commissioners
506 Water Board Building
735 Randolph Street
Detroit, Michigan 48226

(3) Chrysler:  Office of the General Counsel
Automotive Legal Affairs
1000 Chrysler Drive
Auburn Hills, Michigan 48326

11. In the event that Highland Park fails to pay Detroit for current or future services, Detroit may take any action it deems necessary or appropriate to obtain and ensure payment for the same and to seek any further relief as may be appropriate under the circumstances.

12. (a) This Settlement Agreement shall take effect upon: its execution by the Director of the Detroit Water and Sewerage Department on behalf of the City of Detroit; the Honorable Linsey Porter, Mayor of the City of Highland Park; an authorized representative of Chrysler; approval by the Board of Water Commissioners and the City Council of the City of Detroit; approval by the City Council of the City of Highland Park; entry of the Amended Consent Judgment referred to in paragraph 5 above; receipt by Detroit of the monies referred to in paragraphs 3 and 4 above; and execution and delivery of the promissory notes and assignment referred to in paragraphs 7 and 8 above.

(b) The approval of this Settlement Agreement by the Board of Water Commissioners and the City Council of the City of Detroit shall be obtained on or before June 12, 1996. Detroit will provide to Highland Park a certified copy of the

resolution of the Board of Water Commissioners and the City Council approving this Settlement Agreement on or before June 17, 1996.

(c) The approval of this Settlement Agreement by the City Council of the City of Highland Park shall be obtained on or before June 17, 1996. Highland Park will provide to Detroit a certified copy of the resolution of its City Council approving this Settlement Agreement on or before June 18, 1996.

IN WITNESS WHEREOF, this Agreement has been executed on the date first above written.

CITY OF DETROIT, a
municipal corporation

By: _____
    STEPHEN GORDEN

Its: Director, Detroit Water
     and Sewerage Department

CITY OF HIGHLAND PARK, a
municipal corporation

By: _____
    LINSEY PORTER

Its: _____ MAYOR _____

CHRYSLER CORPORATION, a
Delaware corporation

By: _____
    W. FRANK FOUNTAIN

Its: Vice President
     Government Affairs

CITY OF HIGHLAND PARK, a
municipal corporation

By: _____

Its: _____ CITY CLERK _____

6273

RESOLUTION

MOVED BY  Councilwoman Omar

SUPPORTED BY  Councilman Ross

WHEREAS, the City of Detroit, Highland Park and Chrysler Corporation have entered into a tentative agreement to settle an action currently pending in the U.S. Court of Appeals 6th Circuit, known as case numbers 92-CV-76775 and 94-CV-73135; and

WHEREAS, this agreement will work in the best interests of Highland Park as it will reduce the judgment amounts with interest, to a total of $7.5 million dollars; and

WHEREAS, the judgment will also include arrears billed from December 1994 through March 1996; and therefore will provide Highland Park an avenue to satisfy its current and future obligations to Detroit for waste water treatment services; and

WHEREAS, Council has previously provided the City administration with the authority to settle the lawsuit for $7.5 million dollars.

WHEREAS, the settlement agreement calls for payments to Detroit in amounts of $4.5 million dollars to be paid in 1996; $1.5 million dollars to be paid by July 1 1997; and $1.5 million dollars to be paid by July 1, 1998;

NOW THEREFORE BE IT RESOLVED that we re-affirm, adopt, approve, and ratify the settlement between Highland Park, Chrysler and Detroit for $7.5 million dollars to be paid to Detroit, according to the terms set forth and agreed to in the settlement agreement.

BE IT FURTHER RESOLVED that pursuant to the appropriate Highland Park City Charter provisions, we re-affirm our grant of authority to the City to enter into and execute all necessary documents, instruments, notes, etc. to perfect this settlement. Reconsideration is waived.

YEAS      -5-

NAYS      -0-

ABSTENTIONS   -0-

STATE OF MICHIGAN  )
COUNTY OF WAYNE    ) ss.
CITY OF HIGHLAND PARK )

I, Hattie Carter, Clerk of the City of Highland Park, do hereby certify that the annexed is a true copy of: a Resolution passed by the Highland Park City Council at their Regular Meeting held on Monday, June 17, 1996

as appears by the files and records in my office, that I have compared the same with the original and it is a true transcript therefrom and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of the City of Highland Park this 17th day of June 19 96

_____
CITY CLERK

## TRUE COPY CERTIFICATE

Form C of D—16-CE

STATE OF MICHIGAN, } ss.
City of Detroit }

CITY CLERK'S OFFICE, DETROIT

I, Jackie L. Currie, City Clerk of the City of Detroit, in said State, do hereby certify that the annexed paper is a TRUE COPY OF Resolution adopted (passed) by the City Council at session of

June 12, 19 96

and approved by Mayor

June 17, 19 96

as appears from the Journal of said City Council in the office of the City Clerk of Detroit, aforesaid; that I have compared the same with the original, and the same is a correct transcript therefrom, and of the whole of such original.

In Witness Whereof, I have hereunto set my hand and affixed the corporate seal of said City, at Detroit, this Fourteenth day of June A. D. 19 96.



CITY CLERK