# EXHIBIT O - II

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

CITY OF DETROIT, a Michigan
municipal corporation, THE DETROIT
WATER AND SEWERAGE
DEPARTMENT, a department or
branch of the City of Detroit

Civil Action No. <u>14-001974-CK</u>

        Plaintiff,

Hon. _____

vs.

CITY OF HIGHLAND PARK, a
municipal corporation.

        Defendant.

| WILLIAMS ACOSTA, PLLC. | TODD RUSSELL PERKINS (P55623) |
|---|---|
| Avery K. Williams (P34731) | NIKKIYA T. BRANCH (P68844) |
| Daimeon Cotton (P75563) | Attorneys for Defendant |
| Attorneys for Plaintiffs | Perkins Law Group, PLLC. |
| 535 Griswold, Suite 1000 | 615 Griswold, Suite 400 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 963-3873 | (313) 964-1702 |
| AWilliams@williamsacosta.com | Fax (313) 964-1980 |

## <u>CITY OF HIGHLAND PARK'S ANSWER & AFFIRMATIVE DEFENSES</u>

NOW COME Defendant, City of Highland Park, Michigan, by and through its attorneys, PERKINS LAW GROUP PLLC, and for their Answer to Plaintiff's Complaint, state the following:

## <u>INTRODUCTION AND NATURE OF THE CASE</u>

1.    Defendant neither admits nor denies the allegations contained in paragraph 1 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

## JURISDICTION

2.     Defendant denies as untrue the allegations in paragraph 2 of Plaintiff's Complaint.

3.     Defendant admits the allegations in paragraph 3 of Plaintiff's Complaint.

4.     Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.

5.     Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.

6.     Defendant neither admits nor denies the allegations contained in paragraph 6 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

## THE PARTIES

7.     Defendant admits the allegations in paragraph 7 of Plaintiff's Complaint.

8.     Defendant admits the allegations in paragraph 8 of Plaintiff's Complaint.

9.     Defendant admits the allegations in paragraph 9 of Plaintiff's Complaint.

10.     Defendant neither admits nor denies the allegations contained in paragraph 10 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

11.     Defendant admits the allegations in paragraph 11 of Plaintiff's Complaint.

12.     Defendant neither admits nor denies the allegations contained in paragraph 12 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

13.     Defendant admits the allegations in paragraph 13 of Plaintiff's Complaint.

14.     Defendant neither admits nor denies the allegations contained in paragraph 14 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

## GENERAL ALLEGATIONS
### a. Sewage Services Agreements and 1996 Settlement Agreement

15.     Defendant incorporate by reference all preceding allegations as set forth in Plaintiffs' Complaint in Paragraphs 1 through 14 as though fully restated and set forth herein.

16.     Defendant neither admits nor denies the allegations contained in paragraph 16 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

17.     Defendant neither admits nor denies the allegations contained in paragraph 17 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

18.     Defendant admits the allegations in paragraph 18 of Plaintiff's Complaint.

19.     Defendant neither admits nor denies the allegations contained in paragraph 19 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

20.     Defendant neither admits nor denies the allegations contained in paragraph 20 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

21.     Defendant denies as untrue the allegations in paragraph 21 of Plaintiff's Complaint.

22.     Defendant neither admits nor denies the allegations contained in paragraph 22 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

23.     Defendant admits the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Defendant admits the allegations in paragraph 24 of Plaintiff's Complaint.

25.     Defendant neither admits nor denies the allegations contained in paragraph 25 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

26. Defendant neither admits nor denies the allegations contained in paragraph 26 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

27. Defendant admits the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendant neither admits nor denies the allegations contained in paragraph 28 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

29. Defendant neither admits nor denies the allegations contained in paragraph 29 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

30. Defendant neither admits nor denies the allegations contained in paragraph 30 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

31. Defendant neither admits nor denies the allegations contained in paragraph 31 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

32. Defendant neither admits nor denies the allegations contained in paragraph 32 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

## b. Water Supply Services

33. Defendant admits the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendant admits the allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendant admits the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendant admits the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendant neither admits nor denies the allegations contained in paragraph 37 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.     Defendant neither admits nor denies the allegations contained in paragraph 39 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

40.     Defendant denies as untrue the allegations in paragraph 40 of Plaintiff's Complaint.

41.     Defendant neither admits nor denies the allegations contained in paragraph 41 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

42.     Defendant admits the allegations in paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies as untrue the allegations in paragraph 43 of Plaintiff's Complaint.

44.     Defendant neither admits nor denies the allegations contained in paragraph 44 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

45.     Defendant neither admits nor denies the allegations contained in paragraph 45 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

46.     Defendant denies as untrue the allegations in paragraph 46 of Plaintiff's Complaint.

47.     Defendant neither admits nor denies the allegations contained in paragraph 47 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs and fees associated with this suit and such other relief as this Court deems appropriate.

## COUNT I
## BREACH OF CONTRACT

48.     Defendant incorporate by reference all preceding allegations as set forth in Plaintiffs' Complaint in Paragraphs 1 through 47 as though fully restated and set forth herein.

49.     Defendant neither admits nor denies the allegations contained in paragraph 49 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

50.     Defendant neither admits nor denies the allegations contained in paragraph 50 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

51.     Defendant neither admits nor denies the allegations contained in paragraph 51 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

52.     Defendant neither admits nor denies the allegations contained in paragraph 52 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

53.     Defendant neither admits nor denies the allegations contained in paragraph 53 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

54.     Defendant denies as untrue the allegations in paragraph 54 of Plaintiff's Complaint.

55.     Defendant neither admits nor denies the allegations contained in paragraph 55 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

56.     Defendant neither admits nor denies the allegations contained in paragraph 56 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

57.     Defendant neither admits nor denies the allegations contained in paragraph 57 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs and fees associated with this suit and such other relief as this Court deems appropriate.

## COUNT II

## IMPLIED CONTRACT

58.   Defendant incorporate by reference all preceding allegations as set forth in Plaintiffs' Complaint in Paragraphs 1 through 57 as though fully restated and set forth herein.

59.   Defendant neither admits nor denies the allegations contained in paragraph 59 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

60.   Defendant neither admits nor denies the allegations contained in paragraph 60 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

61.   Defendant neither admits nor denies the allegations contained in paragraph 61 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

62.   Defendant neither admits nor denies the allegations contained in paragraph 62 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

63.   Defendant neither admits nor denies the allegations contained in paragraph 63 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

64.   Defendant neither admits nor denies the allegations contained in paragraph 64 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

65.   Defendant neither admits nor denies the allegations contained in paragraph 65 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

66.   Defendant neither admits nor denies the allegations contained in paragraph 66 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs and fees associated with this suit and such other relief as this Court deems appropriate.

## COUNT III
## QUANTUM MERUIT

67.  Defendant incorporate by reference all preceding allegations of Plaintiffs' Complaint as set forth in Paragraphs 1 through 66 as though fully restated and set forth herein.

68.  Defendant neither admits nor denies the allegations contained in paragraph 68 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

69.  Defendant neither admits nor denies the allegations contained in paragraph 69 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

70.  Defendant neither admits nor denies the allegations contained in paragraph 70 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

71.  Defendant neither admits nor denies the allegations contained in paragraph 71 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

72.  Defendant neither admits nor denies the allegations contained in paragraph 72 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs and fees associated with this suit and such other relief as this Court deems appropriate.

## ACCOUNT IV
## ACCOUNT STATED

73.     Defendant incorporate by reference all preceding allegations as set forth in Plaintiffs' Complaint in Paragraphs 1 through 72 as though fully restated and set forth herein.

74.     Defendant neither admits nor denies the allegations contained in paragraph 74 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

75.     Defendant neither admits nor denies the allegations contained in paragraph 75 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

76.     Defendant neither admits nor denies the allegations contained in paragraph 76 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

77.     Defendant neither admits nor denies the allegations contained in paragraph 77 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

78.     Defendant neither admits nor denies the allegations contained in paragraph 78 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

79.     Defendant neither admits nor denies the allegations contained in paragraph 79 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

80.     Defendant neither admits nor denies the allegations contained in paragraph 80 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

81.     Defendant neither admits nor denies the allegations contained in paragraph 81 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

82.     Defendant neither admits nor denies the allegations contained in paragraph 82 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

83.     Defendant neither admits nor denies the allegations contained in paragraph 83 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

84.     Defendant neither admits nor denies the allegations contained in paragraph 84 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs and fees associated with this suit and such other relief as this Court deems appropriate.

## COUNT V
## CONVERSION

85.     Defendant incorporate by reference all preceding allegations as set forth in Plaintiffs' Complaint in Paragraphs 1 through 84 as though fully restated and set forth herein.

86.     Defendant neither admits nor denies the allegations contained in paragraph 86 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

87.     Defendant neither admits nor denies the allegations contained in paragraph 87 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

88.     Defendant neither admits nor denies the allegations contained in paragraph 88 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

89.     Defendant neither admits nor denies the allegations in paragraph 89 of Plaintiff's Complaint to the extent it contains a legal conclusion to which no answer is required. To the extent this Court deems an answer required, Defendant denies the allegations contained in paragraph 89 of Plaintiff's Complaint to the extent they are applicable to Defendant.

90.     Defendant neither admits nor denies the allegations in paragraph 90 of Plaintiff's

Complaint to the extent it contains a legal conclusion to which no answer is required. To the extent this Court deems an answer required, Defendant denies the allegations contained in paragraph 90 of Plaintiff's Complaint to the extent they are applicable to Defendant.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs and fees associated with this suit and such other relief as this Court deems appropriate.

## IRREPARABLE HARM

91.   Defendant incorporate by reference all preceding allegations as set forth in Plaintiffs' Complaint in Paragraphs 1 through 90 as though fully restated and set forth herein

92.   Defendant neither admits nor denies the allegations contained in paragraph 92 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

93.   Defendant neither admits nor denies the allegations contained in paragraph 93 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

94.   Defendant neither admits nor denies the allegations contained in paragraph 94 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

95.   Defendant neither admits nor denies the allegations contained in paragraph 95 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

96.   Defendant neither admits nor denies the allegations contained in paragraph 96 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

97.   Defendant neither admits nor denies the allegations contained in paragraph 97 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

98.    Defendant neither admits nor denies the allegations contained in paragraph 98 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

99.    Defendant neither admits nor denies the allegations contained in paragraph 99 of Plaintiff's Complaint because Defendant lack sufficient information or knowledge to form a belief as to the truth of the matters asserted.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs and fees associated with this suit and such other relief as this Court deems appropriate.

Respectfully Submitted,

s/ Nikkiya T. Branch (P68844)
Todd Russell Perkins (P55623)
Attorney for Defendant
Perkins Law Group, PLLC.
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702
Fax (313) 964-1980

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by its prior material breaches of contract.
2. Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, waiver and/or unclean hands.
3. Plaintiff's claims are subject to set off.
4. Plaintiff's reliance on certain contractual conditions is barred by the Doctrine of Prevention and Plaintiff being complacent in the non occurrence of those conditions.

5. The Contract is unconscionable.

6. The Contract is Ambiguous.

7. Plaintiff's claims are barred by the Statute of Frauds.

8. Plaintiff's claims fail because it failed to Mitigate its Damages.

9. Plaintiff has failed to state a claim upon which relief can be granted.

10. Plaintiff has charged Defendant much in excess of its proportionate share of costs as defined in Clean Water Act section 204(b)(1) relative to its size and population.

11. Plaintiff has failed to institute a system of user charges that reflects the poverty levels (as defined by federal guidelines) which persist in Highland Park as contemplated by the clean water act §204(b)(1) and regulation 40 CFR 35.2140

Defendant reserves the right to assert additional defenses that may become known through the course of discovery.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs and fees associated with this suit and such other relief as this Court deems appropriate.

Respectfully Submitted,

_____
s/ Nikkiya T. Branch (P68844)
Todd Russell Perkins (P55623)
Attorney for Defendant
Perkins Law Group, PLLC.
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702
Fax (313) 964-1980

Date: March 10, 2014

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

CITY OF DETROIT, a Michigan
municipal corporation, THE DETROIT
WATER AND SEWERAGE
DEPARTMENT, a department or
branch of the City of Detroit

      Plaintiffs/Counter-Defendant,

vs.

CITY OF HIGHLAND PARK, a
municipal corporation.

      Defendant/Counter-Plaintiff.

Civil Action No. <u>14-001974-CK</u>

Hon. _____

---

| WILLIAMS ACOSTA, PLLC. | TODD RUSSELL PERKINS (P55623) |
|---|---|
| Avery K. Williams (P34731) | NIKKIYA T. BRANCH (P68844) |
| Daimeon Cotton (P75563) | Attorneys for Defendant |
| Attorneys for Plaintiffs | Perkins Law Group, PLLC. |
| 535 Griswold, Suite 1000 | 615 Griswold, Suite 400 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 963-3873 | (313) 964-1702 |
| AWilliams@williamsacosta.com | Fax (313) 964-1980 |

---

<u>COUNTER COMPLAINT</u>

    NOW COMES Defendant/Counter-Plaintiff, City of Highland Park, Michigan, by and through its attorneys, PERKINS LAW GROUP PLLC, and for their Counter Complaint, states as follows:

<u>PARTIES</u>

1.    The Defendant/Counter-Plaintiff is a home rule city incorporated pursuant to Chapter 117 of the Compiled Laws of the State of Michigan.

2.    The Plaintiff/Counter-Defendant City of Detroit is a home rule city incorporated pursuant to Chapter 117 of the Compiled Laws of the State of Michigan.

3. The Plaintiff/Counter-Defendant Detroit Water Sewerage Department ("DWSD") is a department of the City of Detroit.

## JURISDICTION

4. Jurisdiction is vested in this Court pursuant to MCR 2.605 for the purpose of declaring the parties' respective rights with regard to a settlement agreement contract and also to enforce the settlement agreement contract in this matter.

## GENERAL ALLEGATIONS

5. Defendant/Counter-Plaintiff incorporates by reference all preceding allegations as set forth in Paragraphs 1-4 as though fully restated and set forth herein.

6. On June 18, 1996, the City of Highland Park, City of Detroit acting through its DWSD, and Chrysler Corporation, entered into a settlement agreement.

7. The settlement agreement states that the City of Highland Park is required to collect money from the users or city property owners at a rate of $22.66 kcf to pay for sewer services.

8. The settlement agreement creates a payment obligation secured by sewer user fees and a rate increase covenant and does not require the City of Highland Park to guarantee collections, and the taxpayers of the City of Highland Park, as a whole, are not responsible to subsidize the sewer users under the Michigan constitution. Article 10, § 12, of the Constitution of Michigan (1908) provides:

"The credit of the State shall not be granted to nor in aid of any person, association or corporation, public or private."

Article 8, § 25, of the same document provides:

"No city or village shall have power * * * to loan its credit, nor to assess, levy or collect any tax or assessment for other than a public purpose."

A gift or donation of money or property by the city would, in our opinion, constitute a violation of both the constitutional provisions quoted above. *People, ex rel. Detroit & Howell R. Co., v. Salem,* 20 Mich 452 (4 Am Rep 400); *Bay City v. State Treasurer,* 23 Mich 499; *Dodge* v. *Van Buren Circuit Judge,* 118 Mich 189; [***12] *Michigan Sugar Co.* v. *Auditor General,* 124 Mich 674 (56 LRA 329, 83 Am St Rep 354); *Michigan Corn Improvement Association* v. *Auditor General,* 150 Mich 69; *Detroit Museum of Art* v. *Engel,* 187 Mich 432.

9.  The settlement agreement outlines the City of Highland Park's obligations, which specifically provides a rate covenant, the method of collection, disbursement to the City of Detroit, and the deposit into an escrow account, which were agreed to by the parties, as follows:

   a.  Highland Park will adopt a water/wastewater rate increase applicable to service provided by Highland Park to its customers in the amount of 14% and 68%, respectively, or a composite increase of 44%.   The resulting water rate will be $12.05 per kef and resulting wastewater rate will be $22.66 per kef. The rate increase will be effective July 1, 1996 on all bills rendered on or after August 1, 1996, As a condition precedent to Detroit's acceptance of this settlement agreement, Highland Park shall provide Detroit with a certified copy of the City Council resolution enacting such rate increase. [**Exhibit A:** Settlement Agreement, dated June 18, 1996, pg. 6, ¶1(a)].

   b.  Highland Park further covenants to take whatever further lawful measures that may be necessary to meet timely  its  obligations to Detroit  under  the terms of  the  June 8, 1983 Sewage Service Contract between them. [**Exhibit A:** Settlement Agreement, dated June 18, 1996, pg. 6, ¶1(b)].

   c.  Beginning August 1, 1996 and thereafter, Highland Park shall deposit into said account, on a daily basis, 65% of any and all amounts received by it in payment of bills for water or wastewater treatment services rendered by it to its customers.  Any and all amounts so deposited shall be held in trust solely for the benefit of the City of Detroit and shall be paid over to the City of Detroit through its Detroit Water and Sewerage Department; on a monthly

basis, on or before the l0th day of each month. [Exhibit A: Settlement Agreement, dated June 18, 1996, pgs. 7-8, ¶6(a)].

d.  Highland Park shall make the financial and accounting records of its Water and Sewerage Department, including bank statements from the above-referenced escrow account, available for inspection, review and copying by Detroit within 15 days after receipt of a written request for such inspection and review. Any inspection, review and copying shall be conducted by Detroit during normal business hours. [Exhibit A: Settlement Agreement, dated June 18, 1996, pg. 8, ¶6(b)].

e.  Detroit shall first apply any and all amounts received by it from the above-referenced escrow account to satisfy or reduce any existing arrears and then to current services. In the event that any such payments by Highland Park to Detroit result in a surplus in excess of any arrears and current services, such surplus then to be returned to Highland Park within 5 days of the end of the month in which such surplus was created. [Exhibit A: Settlement Agreement, dated June 18, 1996, pg. 8, ¶6(c)].

f.  In the event that Highland Park fails to pay Detroit for current or future services, Detroit may take any action it deems necessary or appropriate to obtain and ensure payment for the same and to seek any further relief as may be appropriate under the circumstances. [Exhibit A: Settlement Agreement, dated June 18, 1996, pg. 10, ¶11].

10.  Pursuant to the Settlement Agreement entered into by the parties, the United States District Court for the Eastern District of Michigan, Southern Division (Civil Action No. 92-cv-76775-DT and Civil Action No. 94-cv-73135-DT, Honorable John Feikens, presiding) entered a consent judgment. [Exhibit B: Amended Consent Judgment].

11.  The Amended Consent Judgment confirmed the Settlement Agreement, as follows:

a.  Detroit, Highland Park and Chrysler, having advised this Court and the U.S. Court of Appeals for the Sixth Circuit that they mutually desire to amicably resolve the disputes among and between them; having entered into a

settlement agreement; having stipulated to the dismissal of the pending appeals and the entry of this Consent Judgment; and Highland Park, having adopted a composite water/wastewater rate increase applicable to service provided by Highland Park to its citizens in the composite amount of 44% on all bills rendered on or after July 1, 1996, the resulting rate being $12.05 per kcf and the resulting wastewater rate being $22.66 per kcf; and the Court being duly advised in the premises; [**Exhibit B: Amended Consent Judgment, pg. 3**].

b.  NOW THEREFORE, IT IS ORDERED as follows:

  i.  Pursuant to the Stipulation of Dismissal and Disbursement of Escrow Funds entered by the U.S Court of Appeals for the Sixth Circuit, and this Court's Order of Withdrawal and Closure of Escrow Account, $4.5 million of the funds currently being held by the U.S. District Court for the Eastern District of Michigan, Southern Division, shall be disbursed forthwith to the Board of Water Commissioners, City of Detroit, and the balance of said escrow account, plus any and all interest accrued thereon (less any fees authorized by the Judicial Conference of the United States), shall be disbursed forthwith to Highland Park. [**Exhibit B: Amended Consent Judgment, pg. 3, ¶1**].

  ii.  The sum of $4.5 million to be received by Detroit from the U.S. District Court shall be applied as follows [**Exhibit B: Amended Consent Judgment, pg. 4, ¶2(a)-(b)**]:

    1.  (a) $701,665 .05 shall be applied to satisfy arrears incurred by Highland Park to Detroit for the period December 1994 through March 1996;

    2.  (b) The balance thereof, or $3,799,335.95, shall be applied by Detroit toward satisfaction of the unpaid balance of the Judgments entered in favor of Detroit against Highland Park in civil actions nos. 92-CV 76775 and 94-CV-73135 referred to above.

iii.   Chrysler shall pay to Highland Park the sum of $2 million upon entry of this Amended Consent Judgment. [Exhibit B:  Amended Consent Judgment, pg. 4, ¶3].

iv.   The Court's October 19, 1994, Writ of Mandamus shall be and hereby is set aside, and paragraphs 2 and 3 of the Court's February 28, 1995 Order For Satisfaction Of Judgments are likewise set aside. [Exhibit B:  Amended Consent Judgment, pg. 4, ¶4].

v.   Highland Park shall maintain the existing escrow account at Omni Bank, account no. 651-000-127.  Highland Park shall continue to deposit into said account, on a daily basis, through July 31, 1996, 55% of any and all amounts received by it in payment of bills for water or wastewater treatment services rendered by it to its customers. Beginning August 1, 1996 and thereafter, Highland Park shall deposit into said account, on a daily basis, 65% of any and all amounts received by it in payment of bills for water or wastewater treatment services rendered by it to its customers.  Any and all amounts so deposited shall be held in trust solely for the benefit of the City of Detroit and shall be paid over to the City of Detroit through its Detroit Water and Sewerage Department, on a monthly basis, on or before the 10th day of each month. [Exhibit B:  Amended Consent Judgment, pgs. 4-5, ¶5(a)].

12.   The amended consent judgment's provision related to the escrow account deposit was agreed to be an accord and satisfaction of existing arrears *and then current services*.

13.   The amended consent judgment and settlement agreement provides that any surplus goes to the City of Highland Park, but does not provide that any deficit be covered by an additional rate increase or from any other source.

14.   The only source of payment for water and sewer services is the escrow account Detroit has no further recourse, and therefore may not seek judgment against any other funds of the City of Highland Park.

15.  The settlement agreement provides that the City of Highland Park is required to deposit "*any and all amounts received" but not the amount billed by the City of Detroit.*[1] (emphasis added).

16.  The City of Highland Park City Council has passed a resolution, effective March 12, 2014, to ensure compliance with its duty to collect the rate increase and make necessary deposits, which includes: (1) an amnesty program for customers to pay immediately 50% of arrearages or 80% of arrearages in equal installments over the next 12 months or otherwise have these arrearages added to this tax bill over a period of twelve months; and (2) other provisions to ensure timely payment.[*See* **Exhibit C:  City of Highland Park City Council Resolution**].

## COUNT I
## DECLARATORY JUDGMENT

17.  Defendant/Counter-Plaintiff incorporates by reference all preceding allegations as set forth in Paragraphs 1-15 as though fully restated and set forth herein.

18.  In accordance with MCR 2.605 and the other applicable rules relating to declaratory judgments, Defendant/Counter-Plaintiff seeks to have this Honorable Court declare that the parties' respective rights, as contained in the 1996 Settlement Agreement and the Amended Consent Judgment, are in full force and effect.

WHEREFORE, Defendant/Counter-Plaintiff, City of Highland Park, respectfully requests this Honorable Court to declare and award the following relief:

A.  That the rate covenant contained in the settlement agreement and amended consent judgment remains in full force and effect resulting in a water rate at $12.05 per kcf and a wastewater rate at $22.66 per kcf;

B.  That the method of collection, deposit into an escrow account, and disbursement to the City of Detroit contained in the settlement agreement

---

[1] The 1930's agreements entered into by the parties, superseded by the settlement agreement, make it clear that if a specific amount is required to be paid the City of Detroit knew how to say that.

and amended consent judgment remains in full force and effect resulting in the City of Highland Park's sole obligations for water and sewerage services owed to the City of Detroit and DWSD consisting of the City of Highland Park depositing into said escrow account, on a daily basis, 65% of any and all amounts received by it in payment of bills for water or wastewater treatment services rendered by the City of Detroit and DWSD to its customers, and further that any and all amounts so deposited shall be held in trust solely for the benefit of the City of Detroit and shall be paid over to the City of Detroit through its Detroit Water and Sewerage Department (DWSD), on a monthly basis, on or before the 10th day of each month;

C.   Such other equitable relief as is proper in the facts and circumstances of this case, including costs and attorney fees so wrongfully sustained.

Respectfully Submitted,

s/ Nikkiya T. Branch (P68844)
Todd Russell Perkins (P55623)
Attorney for Defendant
Perkins Law Group, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702
Fax (313) 964-1980

Date: March 10, 2014

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF DETROIT,

     Plaintiff,

  --vs--

CITY OF HIGHLAND PARK,

     Defendant.

Civil Action No. 92-CV-76775-DT
Civil Action No. 94-CV-73135-DT
Honorable John Feikens

### AMENDED CONSENT JUDGMENT

At a session of said Court held in
the Federal Building, City of Detroit,
County of Wayne, State of Michigan on.

JUN 18 1996

PRESENT: HONORABLE _____
                     District Court Judge

This Court entered a Judgment against the City of
Highland Park ("Highland Park") in favor of the City of Detroit
("Detroit") in civil action no. 92-CV-76775 on June 28, 1993,
in the amount of $8,093,865.02, for wastewater treatment
services provided through March 29, 1993. The Court entered a
second Judgment against Highland Park in favor of Detroit in
civil action no. 94-CV-73135 on February 21, 1995 in the amount
of $2,505,210.44 for wastewater treatment services provided
from March 29, 1993 through November 29, 1994.

The Court further on October 19, 1994 issued a Writ of Mandamus requiring Highland Park to place the full amount of the June 28, 1993 Judgment on its next tax roll, and subsequently by Order dated December 22, 1994, denied Highland Park's post-judgment motion to set aside the Writ of Mandamus.

On January 12, 1995, Highland Park filed a Notice of Appeal from the Court's December 22, 1994 Order, being appeal no. 95-1076 in the U.S. Court of Appeals for the Sixth Circuit.

Chrysler Corporation ("Chrysler") was granted leave to intervene in civil action no. 92-CV-76775 by Order dated February 2, 1995.

On February 28, 1995, the Court entered a post-judgment Order For Satisfaction Of Judgments, requiring, among other things, Chrysler to pay directly to Detroit monies otherwise due to Highland Park under a certain Agreement between Chrysler and Highland Park dated December 1, 1993.

On March 24, 1995, Chrysler filed a Notice of Appeal with the U.S. Court of Appeals for the Sixth Circuit from the post-judgment Order For Satisfaction Of Judgment of the Court dated February 28, 1995, being appeal no. 95-1373, alleging among other things, that the Court's October 1994 Writ of Mandamus was unconstitutional and further that the Court's order requiring it to pay directly to Detroit the monies otherwise due to Highland Park under the December 1, 1993 agreement was unlawful.

The pending appeals in Court of Appeals case nos. 95-1076 and 95-1373 have been fully briefed and oral argument was held on December 5, 1995.

Detroit, Highland Park and Chrysler, having advised this Court and the U.S. Court of Appeals for the Sixth Circuit that they mutually desire to amicably resolve the disputes among and between them; having entered into a settlement agreement; having stipulated to the dismissal of the pending appeals and the entry of this Consent Judgment; and Highland Park, having adopted a composite water/wastewater rate increase applicable to service provided by Highland Park to its citizens in the composite amount of 44% on all bills rendered on or after July 1, 1996, the resulting water rate being $12.05 per kcf and the resulting wastewater rate being $22.66 per kcf; and the Court being duly advised in the premises;

NOW THEREFORE, IT IS ORDERED as follows:

1.   Pursuant to the Stipulation of Dismissal and Disbursement of Escrow Funds entered by the U.S. Court of Appeals for the Sixth Circuit, and this Court's Order of Withdrawal and Closure of Escrow Account, $4.5 million of the funds currently being held by the U.S. District Court for the Eastern District of Michigan, Southern Division, shall be disbursed forthwith to the Board of Water Commissioners, City of Detroit, and the balance of said escrow account, plus any and all interest accrued thereon (less any fees authorized by the Judicial Conference of the United States), shall be disbursed forthwith to Highland Park.

2.   The sum of $4.5 million to be received by Detroit from the U.S. District Court, shall be applied as follows:

(a)   $701,665.05 shall be applied to satisfy arrears incurred by Highland Park to Detroit for the period December 1994 through March 1996;

(b)   The balance thereof, or $3,798,335.95, shall be applied by Detroit toward satisfaction of the unpaid balance of the Judgments entered in favor of Detroit against Highland Park in civil actions nos. 92-CV 76775 and 94-CV-73135 referred to above.

3.   Chrysler shall pay to Highland Park the sum of $2 million upon entry of this Amended Consent Judgment.

4.   The Court's October 19, 1994, Writ of Mandamus shall be and hereby is set aside, and paragraphs 2 and 3 of the Court's February 28, 1995 Order For Satisfaction Of Judgments are likewise set aside.

5.   (a)   Highland Park shall maintain the existing escrow account at Omni Bank, account no. 651-000-127. Highland Park shall continue to deposit into said account, on a daily basis, through July 31, 1996, 55% of any and all amounts received by it in payment of bills for water or wastewater treatment services rendered by it to its customers. Beginning August 1, 1996 and thereafter, Highland Park shall deposit into said account, on a daily basis, 65% of any and all amounts received by it in payment of bills for water or wastewater treatment services rendered by it to its customers. Any and

all amounts so deposited shall be held in trust solely for the benefit of the City of Detroit and shall be paid over to the City of Detroit through its Detroit Water and Sewerage Department, on a monthly basis, on or before the 10th day of each month.

(b)  Detroit shall first apply any and all amounts received by it from the above-referenced escrow account to satisfy or reduce any existing arrears and then to current services.  In the event that any such payments by Highland Park to Detroit result in a surplus in excess of any arrears and current services, such surplus will be returned to Highland Park within 5 days of the end of the month in which such surplus was created.

6.  Highland Park shall make the financial and accounting records of its Water and Sewerage Department, including bank statements from the above-referenced escrow account, available for inspection, review and copying by Detroit within 15 days after receipt of a written request for such inspection and review.  Any inspection, review and copying shall be conducted by Detroit during normal business hours.

7.  On or before June 18, 1996, Highland Park shall execute and deliver to Detroit a promissory note in the amount of $1 million, payable July 1, 1997 (the "Highland Park" Note).  On or before June 18, 1996, Chrysler shall execute and deliver a promissory note to Highland Park in the amount of $1 million payable July 1, 1997 (the "Chrysler A Note").  On or before

June 18, 1996, Highland Park shall assign to Detroit all of its right, title and interest in the Chrysler A Note, which assignment shall have immediate effect. Detroit will accept such assignment in full and complete discharge of Highland Park's obligation to it under the Highland Park Note.

8.   On or before June 18, 1996, Chrysler shall execute and deliver to Detroit a promissory note in the amount of $500,000 payable July 1, 1997 (the "Chrysler B Note"), and a promissory note in the amount of $1.5 million payable July 1, 1998 (the "Chrysler C Note").

9.   Upon receipt by Detroit of $4.5 million from the Court Escrow as provided in paragraph 1 above, and receipt by Detroit of the Highland Park Note, the Chrysler B Note, the Chrysler C Note and the Assignment by Highland Park to Detroit of the Chrysler A Note, Detroit will file full and complete satisfactions of judgments in civil actions no. 92-CV-76775 and 94-CV-73135.

10.   In the event that Highland Park fails to pay Detroit for current or future services, Detroit may take any action it deems necessary or appropriate to obtain and ensure payment for the same and to seek any further relief as may be appropriate under the circumstances.

IT IS SO ORDERED.

JOHN FEIKENS
_____
U.S. DISTRICT COURT JUDGE

JUN 18 1996

6310rjm

A TRUE COPY
CLERK, U. S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BY _____

-6-

EXHIBIT C

## Wholesale Customer Information

The following table lists the wholesale municipal customers, the date of initiation of service with the System and various details of the contracts. For Fiscal Year 2005, these customers provided approximately 50% of the gross operating revenues of the System.

### Summary of Wholesale Sewerage Treatment Contracts

| | Total Billed Flow Mcf FY 2005 | Total Billed Revenue FY 2005 [1] | Contract Date | Term of Contract | Years Remaining in Contract |
|---|---|---|---|---|---|
| Wayne County - Rouge Valley | 3,295,723 | 32,495,316 | 1961 | 50 Years | 7 |
| S. O. C. S. D. D. [2] | 2,848,332 | 27,945,675 | 1962 | 50 Years | 8 |
| Macomb County [3] | 1,931,455 | 25,153,989 | 1967 | 35 Years | |
| Evergreen – Farmington | 2,120,723 | 21,568,976 | 1958 | 50 Years | 4 |
| Clinton - Oakland [3] | 1,503,089 | 16,621,200 | 1968 | 50 Years | 14 |
| Wayne County – Northeast | 1,503,063 | 14,149,866 | 1961 | [6] | |
| Dearborn – West | 596,594 | 5,526,766 | 1961 | 50 Years | 7 |
| Dearborn – East [4] | 544,113 | 5,454,238 | 1957 | [6] | |
| Macomb County - Interim Agreement | 201,955 | 2,630,128 | 1975 | [7] | |
| Highland Park [4] | 220,837 | 4,082,524 | 1949 | [8] | |
| Hamtramck [4, 5] | 82,461 | 1,915,576 | 1941 | [8] | |
| Grosse Pointe Farms [4] | 80,808 | 1,493,343 | 1941 | [8] | |
| Dearborn – Northeast [4] | 41,361 | 992,964 | 1955 | [8] | |
| Grosse Pointe Park | 113,767 | 383,952 | 1940 | [8] | |
| Melvindale | 95,219 | 906,578 | 1977 | 35 Years | 8 |
| Grosse Pointe [4] | 42,253 | 748,242 | 1940 | [8] | |
| Farmington | 69,990 | 663,134 | 1956 | [6] | |
| Center Line | 60,138 | 655,608 | 1960 | [6] | |
| Allen Park | 41,750 | 371,978 | 1974 | 35 Years | 5 |
| Harper Woods | 6,519 | 166,280 | 1958 | [8] | |
| Wayne County #6 [4] | 3,560 | 86,112 | 1950 | 10 Years | |
| Redford Township [4] | 1,888 | 71,924 | 1940 | [8] | |
| Wayne County #3 [4] | 259 | 23,164 | 1950 | 10 Years | |

Mcf = Thousand cubic feet.

[1] Billed revenue does not include surcharges to wholesale area industrial users for pollutant discharges in excess of Bond Ordinance limits or Industrial Waste Control charges.

[2] Southeastern Oakland County Sewage Disposal District.

[3] Billings include transportation charges for the use of system interceptors specially constructed for those areas.

[4] Billed flow does not include estimated storm drainage and infiltration.

[5] Account currently showing delinquent balances.

[6] Minimum term expired; automatic renewal may be canceled with one year's notice.

[7] Original contract for period of 6 years to be renewed annually.

[8] Duration is indefinite with no initial term. Contracts with indefinite term are generally terminable either by mutual consent or within a specified term of years after notice of termination has been given.

Source: The Department

## Wholesale Customer Information

The following table lists the wholesale municipal customers, the date of initiation of service with the Sewage Disposal System and various details of the contracts. Over 57% of the Sewage Disposal System's estimated operating revenues for the Fiscal Year ended June 30, 2008, were derived from wholesale customers and the balance from retail customers and miscellaneous other income sources.

### Summary of Wholesale Sewerage Treatment Contracts

| | Total Billed Flow Mcf FY 2008 | Total Billed Revenue FY 2008 (1) | Contract Date | Term of Contract | Years Remaining in Contract |
|---|---|---|---|---|---|
| Wayne County - Rouge Valley | 3,477,254 | 36,389,754 | 1961 | 50 Years | 2 |
| Macomb County (3) | 2,121,170 | 32,897,289 | 1967 | 35 Years | |
| S. O. C. S. D. D. (2) | 2,952,352 | 29,656,043 | 1962 | 50 Years | 3 |
| Evergreen – Farmington | 2,316,838 | 25,084,922 | 1958 | 50 Years | |
| Clinton - Oakland (3) | 1,515,812 | 17,317,664 | 1968 | 50 Years | 9 |
| Wayne County – Northeast | 1,518,356 | 15,477,575 | 1961 | (6) | |
| Dearborn – West | 594,472 | 5,848,583 | 1961 | 50 Years | 2 |
| Dearborn - East (4) | 506,640 | 5,728,476 | 1957 | (6) | |
| Highland Park (4) | 177,542 | 3,666,450 | 1949 | (7) | |
| Hamtramck (4, 5) | 76,157 | 2,257,075 | 1941 | (7) | |
| Grosse Pointe Farms (4) | 79,187 | 1,623,185 | 1941 | (7) | |
| Grosse Pointe Park | 115,930 | 1,204,722 | 1940 | (7) | |
| Dearborn - Northeast (4) | 38,126 | 929,871 | 1955 | (7) | |
| Melvindale | 86,166 | 887,532 | 1977 | 35 Years | 3 |
| Center Line | 64,842 | 763,064 | 1960 | (6) | |
| Farmington | 72,612 | 753,013 | 1956 | (6) | |
| Grosse Pointe (4) | 36,369 | 734,650 | 1940 | (7) | |
| Allen Park | 44,130 | 454,163 | 1974 | 35 Years | |
| Harper Woods | 6,210 | 156,655 | 1958 | (7) | |
| Wayne County #6 (4) | 3,456 | 100,607 | 1950 | 10 Years | |
| Redford Township (4) | 1,557 | 78,078 | 1940 | (7) | |
| Wayne County #3 (4) | 198 | 26,687 | 1950 | 10 Years | |

Mcf = Thousand cubic feet.
(1) Billed revenue does not include surcharges to wholesale area industrial users for pollutant discharges in excess of Bond Ordinance limits or Industrial Waste Control charges.
(2) Southeastern Oakland County Sewage Disposal District.
(3) Billings include transportation charges for the use of system interceptors specially constructed for those areas.
(4) Billed flow does not include estimated storm drainage and infiltration.
(5) Account currently showing delinquent balances.
(6) Minimum term expired; automatic renewal may be canceled with one year's notice.
(7) Duration is indefinite with no initial term. Contracts with indefinite term are generally terminable either by mutual consent or within a specified term of years after notice of termination has been given.
Source: The Department

## Wholesale Sewerage Treatment Contracts

| Wholesale Customers | Total Billed Flow Mcf FY 2011 | Total Billed Revenue FY 2011[1] | Contract Date | Term of Contract |
|---|---|---|---|---|
| OMID | 3,467,283 | 51,216,403 | 2010 | 30 Years |
| Wayne County - Rouge Valley | 3,365,086 | 41,807,733 | 1961 | [5] |
| S. O. C. S. D. D.[2] | 2,972,975 | 35,810,320 | 1962 | 50 Years |
| Evergreen – Farmington | 1,876,971 | 24,951,389 | 1958 | [5] |
| Wayne County – Northeast | 1,620,339 | 19,146,923 | 1961 | [5] |
| Dearborn – West | 567,934 | 6,770,430 | 1961 | [5] |
| Dearborn - East[3],[4] | 489,421 | 6,509,598 | 1957 | [5] |
| Highland Park[3] | 151,053 | 4,490,709 | 1949 | [6] |
| Hamtramck[3] | 64,800 | 3,249,930 | 1941 | [6] |
| Grosse Pointe Farms[3] | 74,990 | 1,857,469 | 1941 | [6] |
| Grosse Pointe Park | 91,839 | 1,151,516 | 1940 | [6] |
| Grosse Pointe[3] | 32,332 | 1,043,154 | 1940 | [6] |
| Dearborn - Northeast[3] | 85,121 | 1,039,811 | 1955 | [6] |
| Melvindale | 71,072 | 868,644 | 1977 | 35 Years |
| Farmington | 57,072 | 800,063 | 2008 | [6] |
| Center Line | 28,775 | 786,684 | 2008 | 15 Years |
| Allen Park | 42,611 | 494,090 | 1974 | [5] |
| Harper Woods[3] | 5,720 | 152,154 | 1958 | [6] |
| Redford Township[3] | 3,230 | 118,285 | 1940 | [6] |
| Wayne County #6[3] | 1,604 | 115,174 | 1950 | [5] |
| Wayne County #3[3] | 286 | 39,926 | 1950 | [5] |

Mcf = Thousand cubic feet.
[1] Billed revenue does not include surcharges to wholesale area industrial users for pollutant discharges in excess of the Bond Ordinance limits or Industrial Waste Control charges.
[2] Southeastern Oakland County Sewage Disposal District.
[3] Billed flow does not include estimated storm drainage and infiltration.
[4] Account currently showing delinquent balances.
[5] Minimum term expired; automatic renewal may be canceled with one year's notice.
[6] Duration is indefinite with no initial term. Contracts with indefinite term are generally terminable either by mutual consent or within a specified period after a notice of termination has been given.
SOURCE: The Department.

## The Plant

The Plant, which is among the largest in the world, was originally constructed in 1940 to provide primary treatment of sewage emanating from the City and surrounding communities, and was improved in the mid 1960s with construction of sludge incinerators and filters, and dry ash handling facilities. The Plant was further improved starting in 1970 when construction commenced on secondary treatment processes, including aerated activated sludge units, final clarifiers and additional primary treatment capacity.

Primary treatment of sewage at the Plant is provided by 16 clarifiers or settling basins. Secondary treatment is provided in one air aeration basin, three oxygen aeration basins and 25 final clarifiers. Removal of phosphorus is accomplished with ferrous chloride (pickle liquor) and polymer feeding mechanisms, which operate in conjunction with the primary treatment processes.

Chlorine gas is used for disinfection of effluent prior to discharge into the Detroit River. Incineration of dewatered sludge occurs in 14 multiple hearth incinerators. The Department engages contractors for disposal of the ash produced by incineration of sludge cake, for screenings from preliminary treatment, and for disposal of a portion of the sludge cake that is not incinerated.

Series 2012A, 2010, 2008D, 2008BC, 2006A, 2005ABC, 2004A, 2003B, 2003A, 2001D1_D2, 2001C1_C1, 2001C2, 2001E, 2001AB, 1999A, 1988AB

Wholesale Sewerage Treatment Contracts

(Mcf = thousands of cubic feet)

| Wholesale Customers | Total Billed Flow Mcf FY 2013 | Total Billed Revenue FY 2013 | Contract Date | Term of Contract |
|---|---|---|---|---|
| Oakland Macomb Interceptor District | 3,348,484 | 62,302,424 | 2009 | 30 Years |
| Wayne County- Rouge Valley | 2,792,397 | 44,972,847 | 1961 | 50 Years |
| Oakland County- George W. Kuhn Drain | 2,566,319 | 38,148,325 | 1962 | |
| Oakland County- Evergreen Farmington Dist. | 1,635,006 | 27,556,982 | 1958 | 50 Years |
| Wayne County - Northeast | 1,324,062 | 19,293,968 | 1961 | |
| Dearborn - East | 421,187 | 7,014,200 | 1957 | |
| Dearborn - West | 510,176 | 6,995,894 | 1961 | 50 Years |
| Highland Park | 105,589 | 5,007,724 | N/A | |
| Hamtramck | 62,447 | 3,586,927 | 1941 | |
| Grosse Pointe Farms | 147,651 | 2,462,068 | 1941 | |
| Grosse Pointe Park | 90,085 | 1,273,953 | 1940 | |
| Melvindale | 75,107 | 1,165,444 | 1977 | 35 Years |
| Dearborn - Northeast | 30,127 | 1,155,095 | 1955 | |
| Farmington | 54,361 | 854,232 | 1956 | |
| Center Line | 50,702 | 833,383 | 2008 | 15 Years |
| Grosse Pointe | 25,594 | 758,063 | 1940 | |
| Allen Park | 35,475 | 516,419 | 1974 | 35 Years |
| Harper Woods | 5,814 | 196,010 | 1958 | |
| Wayne County # 6 | 3,292 | 127,713 | 1951 | 10 Years |
| Redford Township | 1,692 | 107,509 | 1940 | |
| Wayne County # 3 | 314 | 41,262 | 1950 | 10 Years |

Series 2014 C1-C8, 2012A, 2010, 2006D, 2006BC, 2006A, 2005ABC, 2004A, 2003B, 2003A, 2001D1_D2, 2001C1_C1, 2001C2, 2001E, 2001AB, 1999A, 1998AB

Wholesale Sewerage Treatment Contracts

Fiscal Year Ended June 30

| Wholesale Customers | Total Billed Flow Mcf FY 2014 | Total Billed Revenue FY 2014 | Contract Date | Term of Contract | Years Remaining in Contract |
|---|---|---|---|---|---|
| Oakland Macomb Interceptor District | 3,421,342 | $71,972,397 | 2009 | 30 Years | |
| Wayne County- Rouge Valley | 3,236,511 | $51,181,360 | 1961 | 50 Years | |
| Oakland County- George W. Kuhn Drain | 2,823,146 | $45,658,188 | 1962 | 50 Years | |
| Oakland County- Evergreen Farmington Dist. | 1,707,570 | $29,198,838 | 1958 | 50 Years | |
| Wayne County - Northeast | 1,344,036 | $20,406,419 | 1981 | | |
| Dearborn - East | 450,602 | $7,174,438 | 1957 | | |
| Dearborn - West | 598,452 | $7,658,651 | 1961 | 50 Years | |
| Highland Park | 109,927 | $6,887,428 | N/A | | |
| Hamtramck | 61,725 | $3,941,094 | 1941 | | |
| Grosse Pointe Farms | 154,088 | $2,502,113 | 1941 | | |
| Grosse Pointe Park | 97,872 | $1,244,951 | 1940 | | |
| Melvindale | 82,489 | $1,275,075 | 1977 | 35 Years | |
| Dearborn - Northeast | 28,485 | $1,425,457 | 1955 | | |
| Farmington | 75,476 | $1,074,471 | 1956 | | |
| Center Line | 54,589 | $900,791 | 2008 | 15 Years | |
| Grosse Pointe | 30,007 | $711,784 | 1940 | | |
| Allen Park | 42,338 | $594,733 | 1974 | 35 Years | |
| Harper Woods | 5,657 | $242,834 | 1958 | | |
| Wayne County # 6 | 3,076 | $138,114 | 1951 | 10 Years | |
| Redford Township | 1,546 | $118,755 | 1940 | | |
| Wayne County # 3 | 268 | 71,951 | 1950 | 10 Years | |