gUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF HIGHLAND PARK,

    Plaintiff,                          Case No. 2:16-13840

v.                                        HONORABLE STEPHEN J. MURPHY, III

ENVIRONMENTAL PROTECTION
AGENCY, et al.,

    Defendants.
                                      /

**OPINION AND ORDER RESOLVING MOTIONS
[19, 20, 23, 34, 40, 69–72] AND DISMISSING CERTAIN DEFENDANTS**

Highland Park brought suit against several governmental entities and the individuals who work for them. One Defendant, Wayne County, filed an answer, but the rest filed motions to dismiss. After briefing on the motions concluded, Highland Park filed a motion for leave to amend the complaint. The federal Defendants[1] did not oppose the motion to amend, but every other Defendant did. For the reasons below, the Court will grant the motion to amend, but dismiss several of the Defendants.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave" for a party to file an amended complaint "when justice so requires." District courts can, however, deny a motion for leave to amend on the basis of "undue delay, bad faith or dilatory motive . . . [or] futility of amendment." *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amending would be futile if a proposed amendment would not survive a motion to dismiss." *SFS Check, LLC*

---

[1] The Environmental Protection Agency (EPA) and two of its acting administrators: Robert Kaplan and Catherine McCabe, who was recently substituted for Gina McCarthy. *See* ECF 40, PgID 1518.

*v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014). Accordingly, the proposed amended pleading must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

**BACKGROUND**

The present suit is only the latest link in a long chain of litigation between Highland Park and other entities concerned with water and sewage. The dispute has its origins in a contract between Highland Park and the City of Detroit. The contract concerned wastewater treatment and was executed in 1983. In 1993 and 1995, Detroit filed federal lawsuits against Highland Park to recover arrearages. Detroit prevailed in both cases and secured judgments of $8 million and $2.5 million, respectively. The parties to the suits signed a settlement agreement and an amended consent judgment in 1996.

Litigation resumed, however, in 2013. Detroit filed another federal lawsuit against Highland Park, this time for its alleged failure to comply with the 1996 agreement and judgment. The court dismissed the case for lack of subject-matter jurisdiction, so Detroit brought suit in Wayne County Circuit Court. The circuit court entered judgment in favor of Detroit in the amount of $19,244,838.53, plus interest and costs. Highland Park appealed the judgment, but ultimately abandoned any argument challenging the validity of the judgment itself. The Michigan Court of Appeals affirmed the circuit court.

Two more suits commenced in 2015. Highland Park sued Wayne County over stormwater treatment costs, but the court granted summary disposition in favor of Wayne County. Highland Park also sued the Michigan Department of Transportation (MDOT) in

the Court of Claims on the grounds that Highland Park had been improperly charged for the treatment of run-off from two Michigan highways. The case is still pending.

Highland Park filed the instant suit in late 2016. Shortly after the parties began filing their motions to dismiss, the Court referred the matter to the magistrate judge for settlement discussions. The parties and the magistrate judge discussed settlement over the course of two months, but ultimately failed to reach an agreement.

**DISCUSSION**

At the outset, Highland Park's proposed, amended complaint is clearer, more specific, and a great deal longer than the initial complaint. Absent other considerations, the liberal standard for granting leave to amend would compel the Court to permit the amendment. But there *are* other considerations—namely, the prospect of futility. Several of the Defendants have insisted that the lack of adequate notice is a fatal flaw to the complaint, no matter how it is amended. The Court will therefore address this argument first.

I. The Notice Requirement

The Clean Water Act (CWA, or, the Act) allows "citizen suits." That is, the Act permits citizens to commence lawsuits against the United States and other governmental instrumentalities and agencies for specified violations of the Act. 33 U.S.C. § 1365(a). There are two categories of citizen suits: the first concerns violations of either "an effluent standard or limitation" or "an order issued by the Administrator or a State with respect to such a standard or limitation[.]" *Id.* The second category concerns suits "against the Administrator where there is an alleged failure of the Administrator to perform any act or duty under [the Act] which is not discretionary[.]" *Id.* To commence either type of citizen suit, a plaintiff must first give 60 days "notice of the violation". If the violation is in the first

3

category, notice must go to (1) the EPA, (2) the state where the violation allegedly occurred, and (3) the person or entity that committed the alleged violation. 33 U.S.C. § 1365(b)(1). If it is in the second category, only the EPA must be noticed. 33 U.S.C. § 1365(b)(2). There is only one exception to the 60-day rule: a plaintiff may bring an action immediately after providing notice if the alleged violation arose under §§ 1316 and 1317(a). 33 U.S.C. § 1365(b).

The Act empowers the EPA to determine how notice is to be given, and the EPA has created some ground rules. *See* 33 U.S.C. § 1365(b); 40 C.F.R. § 135.3. For instance, the contents of the notice are contingent upon which of the two categories the alleged violation falls into. If the alleged violation is in the first category—a "violation of an effluent standard or limitation or of an order with respect thereto"—the notice shall:

> include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a). If, on the other hand, the alleged violation falls into the second category—an alleged failure of the Administrator to perform a non-discretionary act or duty—the notice shall:

> identify the provision of the Act which requires such act or creates such duty, shall describe with reasonable specificity the action taken or not taken by the Administrator which is alleged to constitute a failure to perform such act or duty, and shall state the full name, address and telephone number of the person giving the notice.

40 C.F.R. § 135.3(b). In any case, the notice "shall state the name, address, and telephone number of the legal counsel, if any, representing the person giving the notice." 40 C.F.R. § 135.3(c).

4

The instant case is a citizen suit; Highland Park's proposed amended complaint is predicated on several alleged violations of the Act. The counts[2] of the complaint cover both citizen-suit categories: counts 1–8 are against the EPA for its failure to perform mandatory or non-discretionary duties, and counts 9–19 are against other entities for their alleged failures. Some concern §§ 1316 and 1317(a).

Prior to filing the instant suit, Highland Park sent a notice letter on March 3, 2016 to the following recipients:

- Robert Kaplan, Acting Administrator of the EPA
- The Water Enforcement Division of the EPA
- The Environment and Natural Resources Division of the Department of Justice
- Keith Creagh, Director of the Michigan Department of Environmental Quality
- Sue McCormick, Executive Director of the Great Lakes Water Authority (GLWA)

*See* ECF 1-13, PgID 119. The letter mentioned § 1365's notice requirement, provided some background information about Highland Park's predicament, and described several alleged CWA violations. *See generally id.* The letter set forth the alleged violations over the course of four sections. In a section titled "Violation of Mandatory Requirements of Section 204(b)", the letter explained how and why GLWA's "charges to Highland Park have not been proportionate to its use[.]" *Id.* at 124. In the next section, titled "Violation of the Combined Sewer Overflow Control Policy", the letter cited an EPA Policy which allegedly requires GLWA to implement certain stormwater measures. *Id.* at 126–27. A third section alleged that Detroit's previous lawsuit resulted in a tax regime that violates the CWA. *Id.* at 127. A fourth and final section alleged that "GLWA and the State of Michigan violate the concepts

---

[2] The proposed amended complaint uses the term "cause of action." For clarity, the Court refers to these as "counts."

of environmental justice reflected in Executive Order 12898 of February 11, 1994[.]" *Id.* at 128. The letter was signed by Highland Park's mayor, Hubert Yopp. *Id.* at 129.

Several of the Defendants have argued that the notice was insufficient. GLWA argues that the letter "makes clear that Highland Park's citizen suit is not premised upon GLWA violating a standard, limitation, or order of the EPA or the MDEQ." ECF 20, PgID 1142 (quoting *Nat'l Parks Conservation Ass'n v. TVA*, 175 F. Supp. 2d 1071,1077–78 (E.D. Tenn. 2001)) (quotation marks and alterations omitted). MDEQ and Creagh argue that the letter is inspecific, because it "focused exclusively on . . . a provision regarding federal grant money" but never asserted that MDEQ violated the CWA or that "MDOT's highways constitute illegal, unpermitted discharges under 33 U.S.C. § 1342." ECF 23, PgID 1280, 1286. MDOT and Steudle pointed out that the letter was not sent to them, ECF 34, PgID 1337, and though Wayne County did not mention it in its answer, it too failed to receive notice. *See* ECF 1-13, PgID 119 (recipient list); ECF 77, PgID 2340 ("Plaintiffs agreed with the MDOT and Wayne County . . . that service . . . did not meet jurisdictional requirements").

A. MDOT, Steudle, and Wayne County

Notice requirements like the one in § 1365 require strict adherence. In *Hallstrom v. Tillamook Cty.*, the plaintiffs failed to comply with a similar notice requirement under the Resource Conservation and Recovery Act prior to filing suit. When the defendants moved for summary judgment on the grounds that notice had not been provided, the plaintiffs sent notice the next day. The Supreme Court, however, explained that providing notice was a "mandatory condition[] precedent to commencing suit" and that failure to comply with it required the district court to dismiss the case. 493 U.S. 20, 31 (1989). The Sixth Circuit

subsequently held that the same reasoning applies to the CWA's notice provision. *See Greene v. Reilly*, 956 F.2d 593, 594 (6th Cir. 1992).

Highland Park admits that the March 2016 letter failed to provide the necessary notice to MDOT, Steudle, and Wayne County. ECF 77, PgID 2340. Highland Park therefore sent another letter to the three unnoticed parties on February 4, 2017. Consequently, Highland Park asserts that the belated notice requires that the parties either "be dismissed from this case and served in a new complaint or an amended complaint be filed after the end of the 60-day Notice period." *Id.* at 2341. The argument assumes, however, that an amended complaint would fix the notice deficiency. But courts in the Sixth Circuit and elsewhere have concluded that defective notice cannot be cured by an amended complaint. *See Lykins v. Westinghouse Elec.*, No. CIV. A. No. 85-508, 1988 WL 114522, at *5 (E.D. Ky. Feb. 29, 1988) (citing *Garcia v. Cecos Int'l Inc.*, 761 F.2d 76, 82 (1st Cir.1985) and *Nat'l Wildlife Fed'n v. Consumers Power Co.*, 657 F. Supp. 989, 998 (W. D. Mich.1987)); *Forest Guardians v. U.S. Bureau of Reclamation*, 462 F. Supp. 2d 1177, 1184 (D.N.M. 2006) (collecting cases). And though some courts have found that an amended complaint "commences" a suit for the purposes of the notice requirement if the claims requiring notice are raised for the first time in the amended complaint, s*ee, e.g.*, *Zands v. Nelson*, 779 F. Supp. 1254, 1258–59 (S.D. Cal. 1991), that is not the case here. Highland Park's initial complaint accused MDOT of violating the CWA. ECF 1, PgID 35. The proposed amended complaint makes the same accusations. ECF 69, PgID 1986. None of the numbered causes of action in the first amended complaint is directed at Wayne County, the complaint alleges that Wayne County violated the CWA and asks the Court to mandate that the County comply with the CWA and pay certain sums to Highland Park. ECF 1, PgID 49. The

7

proposed amended complaint makes the same allegations, though it also formally lodges causes of action against Wayne County. ECF 69, PgID 1986–99. The suit against the three Defendants therefore commenced when Highland Park filed its initial complaint.

In sum, Highland Park commenced it suit against MDOT, Steudle, and Wayne County prior to providing notice as required under 33 U.S.C. § 1365(b). The Court must therefore dismiss the claims against MDOT, Steudle and Wayne County in the initial complaint. *See Hallstrom,* 493 U.S. at 33. And because the proposed, amended complaint does not cure the notice deficiency, permitting Highland Park to file it would be futile. The Court must therefore deny Highland Park's motion to amend as to the three Defendants and dismiss the claims against them, without prejudice, as "barred by the terms of the statute." *Hallstrom,* 493 U.S. at 33; *Sierra Club v. Hamilton Cty. Bd. of Cty. Comm'rs*, 504 F.3d 634, 646 n.1 (6th Cir. 2007) ("Dismissal for failure to give sixty days notice is without prejudice to the action being reinstituted if notice is properly given.").

    B. GLWA, McCormick, MDEQ, and Creagh

The remaining Defendants who challenge their notice do so on the grounds of specificity, rather than timing. Each of the Defendants is sued pursuant to § 1365(a)(1). Notice of an alleged violation under that section:

> shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a). The March 2016 letter plainly satisfied these requirements as to GLWA and McCormick. The letter lays out a lengthy timeline and provides figures in support of the claim that GLWA overcharges Highland Park in violation of 33 U.S.C.

8

§ 1284(b)(1). ECF 1-13. GLWA's letter in response, and Highland Park's reply to the letter, further bolster a finding that GLWA and McCormick were on notice that Highland Park intended to sue them for specific violations of the CWA related to the way they charged Highland Park—notwithstanding GLWA's skepticism that a CWA claim lacked merit. *See* ECF 1-13, 1-14.

MDEQ, however, is in a different position. The March 2016 letter never mentioned MDEQ or Creagh, other than in the address line. The subsequent correspondence between Highland Park and GLWA also fails to mention MDEQ, much less specifically allege that MDEQ committed a violation of the Act. ECF 1-14. The notice provided to MDEQ and Creagh therefore fails to satisfy the requirements 40 C.F.R. § 135.3(a) and 33 U.S.C. § 1365(a)(1). The Court must dismiss the claims against them, without prejudice, as "barred by the terms of the statute." *Hallstrom,* 493 U.S. at 33; *Sierra Club*, 504 F.3d at 646 n.1.

II. <u>GLWA and McCormick's Remaining Arguments</u>

Although GLWA and McCormick filed separate motions to dismiss (ECF 19, 20), they filed a joint response in opposition to Highland Park's motion for leave to amend (ECF 75). The response brief is not lengthy, and raises three arguments: (1) the motion is "deficient" for procedural reasons, (2) the proposed amendments to the complaint would be futile, and (3) the motion is unduly delayed and therefore prejudicial. The Court does not find any of the arguments to be persuasive.

A. The motion is not deficient

Defendants assert that Highland Park violated the Local Rules by failing to seek concurrence prior to filing its motion. The Local Rules do indeed require that a party seek

concurrence prior to filing a motion, and if concurrence is not obtained, the party must explain his or her efforts in seeking concurrence. E.D. Mich. LR 7.1(a). While Highland Park did not include a concurrence statement in its motion for leave to file an amended complaint, ECF 69, it did make an argument for why, under the present circumstances, concurrence was not actually required. ECF 78, PgID 2455. In any event, it seems seeking the concurrence would not have been fruitful: GLWA and McCormick oppose the motion and provide no reason to think that had concurrence been sought, the issues in the case could have been narrowed or the briefing improved. The Court will consider the motion in full, despite violation of the Local Rule, and warns Highland Park that future violations may not be dealt with in a similar manner.

Defendants also assert that McCormick's initial motion to dismiss went unanswered by Highland Park, and write at length about a typo in Highland Park's motion for leave. ECF 75, PgID 2297. Highland Park counters by explaining that docket entry 38 was a response to both GLWA's and McCormick's motions. ECF 78, PgID 2452, 2454. And although Defendants are correct that the specific claims of McCormick's motion are not addressed in the response brief, the docket entry title describes it as a response to docket entries 19 and 20—i.e., McCormick's motion and GLWA's motion. So the Court will determine that Highland Park did respond to the motion. Moreover, Defendants' brief opposing the amended complaint does not explain why the proposed complaint would fail to correct the deficiencies pointed out in McCormick's motion to dismiss. The Court therefore sees little reason to preclude Highland Park from amending its complaint on account of previous motion practice.

Defendants also dispute Hgihland Park's claim that "new evidence" required an amended complaint. ECF 75, PgID 2296. Whether or not this is true, the liberal standard for allowing an amended complaint does not hinge on the discovery of new evidence; the dispute over new evidence is no reason to preclude an amended complaint.

B. The proposed amendments are not necessarily futile

Defendants also claim that amending the complaint as Highland Park has proposed would be futile because notice is still deficient and because their previous arguments about res judicata, *Rooker Feldman*, and collateral estoppel still bar the action. *Id.* at 2303–04. As the Court explained above, notice on GLWA and McCormick was not deficient. Conceivably, the other arguments could bar some or all of the claims against the two Defendants, but there are many and varied causes of action in the proposed complaint; it is almost twice as long as the original complaint, contains twice as many prayers for relief, and contains three times as many listed causes of action. *Compare* ECF 1 *with* ECF 69. The Court may deny Highland Park an opportunity to amend on the grounds of futility only if the amendment is entirely futile. Defendants briefly assert that the new complaint is just as deficient as the old one, without any specific references to the newly articulated causes of action in the considerably longer proposed complaint. The Court requires more detail to foreclose Highland Park's opportunity to amend.

C. Neither delay nor prejudice preclude amending the complaint

Still, Defendants insist that Highland Park unduly delayed filing its motion for leave to amend. Defendants explain that their motions to dismiss raised the notice-deficiency argument back in December 2016, so Highland Park "could have addressed this notice issue more than seven months ago." ECF 75, PgID 2299. As the Court explained above,

11

however, no amendment to the complaint could have cured a notice deficiency—and more importantly, Defendants' notice was not deficient. And as the court in Defendants' proffered case noted, "delay alone is an insufficient reason to deny a motion to amend." *Minor v. Northville Pub. Sch.*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985). There must be "substantial prejudice" measured against "the plaintiff's reasons for any delay[.]" *Id.* Highland Park may not be faultless in the prolonged and irregular briefing schedule here, but in-depth settlement discussions, several varied motions to dismiss, and extensions stipulated to by the Defendants themselves, *see* ECF 26, 35, are reason enough for the delay.

Defendants nevertheless aver that they will be prejudiced if the Court permits Highland Park to amend its complaint. Defendants insist they will have to "duplicate the briefing that has already occurred on several motions to dismiss" and "expend additional and unnecessary resources to file new motions to dismiss an Amended Complaint that fails as a matter of law." ECF 75, PgID 2300. As noted, the Court cannot be sure that the amended complaint is futile, and duplicating briefing is somewhat inevitable when a plaintiff amends its complaint—yet the rules expressly direct that leave to amend should be given freely. Fed. R. Civ. P 15(a).

For these reasons, the Court will permit Highland Park to amend its complaint.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for leave to file an amended complaint [69, 70, 71, 72] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall **FILE** its amended complaint as a single docket entry, with any exhibits as attachments.

**IT IS FURTHER ORDERED** that the motions to dismiss of Keith Creagh and MDEQ [23], and MDOT and Kirk Steudle [34] are **GRANTED**.

**IT IS FURTHER ORDERED** that motions to dismiss of Susan McCormick [19], GLWA [20], and Robert Kaplan, Gina McCarthy, and the EPA [40] are **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Keith Creagh, MDEQ, MDOT, Kirk Steudle, and Wayne County are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: September 30, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2017, by electronic and/or ordinary mail.

                                              s/David P. Parker
                                              Case Manager