UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF HIGHLAND PARK,

    Plaintiff,

v.

ENVIRONMENTAL PROTECTION
AGENCY, et al.,

    Defendants.

Case No. 2:16-cv-13840

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER GRANTING DEFENDANT GLWA'S MOTION TO DISMISS [87] AND DEFENDANT SUSAN MCCORMICK'S MOTION TO DISMISS [88]**

On October 28, 2016, Plaintiff filed its original complaint. ECF 1. On October 14, 2017, Plaintiff filed its first amended complaint. ECF 84. The amended complaint alleges twelve claims against five defendants. All claims arise out of Defendant Great Lakes Water Authority's ("GLWA") alleged overcharging of the City of Highland Park for its sewer services. *See id.* at 3046–48. The relationship between Plaintiff and GLWA, as well as GLWA's predecessor in interest, the Detroit Water and Sewage Department ("DWSD"), has been a litigious one for decades. *See id.* at 3053–63 (the EPA filed an enforcement action against DWSD in 1977, which resulted in a series of consent orders and settlement agreements, including a 1983 sewer services contract and a 1996 settlement agreement, which GLWA filed a lawsuit in 2013 to enforce). Plaintiff alleges three claims for violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.* against Defendant GLWA and its CEO, Defendant Susan McCormick (collectively "GLWA Defendants"), corresponding to the ninth, tenth, and eleventh claims in the amended complaint. ECF 84, PgID 3089–

3103. On November 3, 2017, Defendant GLWA filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF 87. The same day, Defendant McCormick brought a nearly identical motion, presenting the same arguments. ECF 88.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When subject-matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.,* 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). When a party makes a facial attack on jurisdiction, as Defendant does here, it "questions merely the sufficiency of the pleading." *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

## DISCUSSION

The CWA authorizes any citizen to bring a civil lawsuit on his own behalf to enforce particular provisions of the Act. A citizen may sue any person who allegedly violated either: (1) an effluent standard or limitation of the CWA, or (2) an order by the EPA Administrator or a State respecting a standard or limitation. 33 U.S.C. § 1365(a)(1). To invoke the CWA's citizen-suit provision, therefore, a violation of the effluent standards, or

provisions or orders arising from them, must be alleged. There are seven provisions that trigger the CWA's citizen-suit provision: 33 U.S.C. §§ 1311, 1312, 1316, 1317, 1341, 1342, and 1345(d). 33 U.S.C. § 1365(f); *Askins v. Ohio Dept. of Agriculture*, 809 F.3d 868, 875 (6th Cir. 2016) Because Plaintiff must establish that jurisdiction exists over its putative citizen-suit, Plaintiff must show that its claims allege violations of the enumerated provisions or related orders. The Court otherwise lacks jurisdiction over a putative CWA citizen-suit. *See id.* at 876.

I. Permit Claim

First, violation of a permit issued pursuant to 33 U.S.C. § 1342 triggers the CWA's citizen-suit provision. 33 U.S.C. § 1365(f). In its ninth claim, Plaintiff alleges that GLWA Defendants violated a condition of GLWA's permit by violating the EPA's Financial Capability Guidance Document ("Guidance Document"). ECF 84, PgID 3091. GLWA's permit, however, requires GLWA to utilize the Guidance Document only when preparing its evaluation of financial capability. *See* ECF 84-17, PgID 3330. Plaintiff fails to allege facts that GLWA Defendants submitted evaluations that did not conform to the Guidance Document. Plaintiff thus fails to allege any facts that GLWA Defendants violated a condition of a permit issued pursuant to 33 U.S.C. § 1342. The Court accordingly lacks jurisdiction over the ninth claim.[1]

---

[1] Plaintiff's allegations under its ninth claim deal solely with alleged violations of the Guidance Document. Plaintiff's response to Defendant's motion to dismiss, however, cites a provision of the "Combined Sewer Overflow Policy" and seems to allege a violation of the provision. *See* ECF 94, PgID 4179–80. "[P]laintiffs may not amend their complaint through a response brief," though, by bringing new allegations. *Jocham v. Tuscola Cty.*, 239 F. Supp. 2d. 714, 732 (E.D. Mich. 2003) (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)). Thus, the Court will not consider the allegation.

3

II. <u>Administrative Orders Claim</u>

Second, the CWA citizen-suit provision permits citizen suits based on violations of EPA or state orders respecting effluent standards or limitations. *See* 33 U.S.C. § 1365(a)(1). As part of its tenth claim, Plaintiff alleges GLWA Defendants violated "various orders." ECF 84, PgID 3095. Plaintiff, however, fails to reference any specific order that may allow the Court to exercise jurisdiction over its claim under the citizen-suit provision. Plaintiff alleges GLWA Defendants violated "[o]rders under SEC. 217 and 218 [33 U.S.C. 1297 and 1298] Dealing with Cost-Effectiveness"; "[o]rders relating to the facilities plan of the treatment works"; "[o]rders on charges for CSO's [combined sewer overflows]"; and "other Orders of EPA issued in various contexts." ECF 84, PgID 3096–97. The Court cannot determine whether the referenced orders are with "respect" to an effluent standard or limitation, because Plaintiff failed to reference or provide any particular orders. *See* 33 U.S.C. § 1365(a)(1). Plaintiff has thus failed its burden of demonstrating that the Court has subject-matter jurisdiction over the claims concerning the orders.

Plaintiff additionally alleges that GLWA Defendants violated 33 U.S.C. § 1311. Plaintiff fails to allege any specific "standard or limitation" GLWA Defendants violated. Moreover, Plaintiff does not reference any specific provision of § 1311 as the basis for its claim. Plaintiff references only the definition of "replacement" in 33 U.S.C. § 1292, which does not apply to § 1311. ECF 84, PgID 3096. Finally, Plaintiff's claim appears concerned with issues unrelated to § 1311. Plaintiff failed to allege facts establishing the Court's subject-matter jurisdiction and the Court will accordingly dismiss the claim.

III.  Regulation Claim

Finally, Plaintiff alleges GLWA Defendants violated 40 C.F.R. § 35.2140. The cited regulation was promulgated under 33 U.S.C. §§ 1251(e), 1259(b), 1281–1285, 1287, 1288(d), 1290–1292, 1295–1299, 1314(d)(3), 1323, 1361, 1362, 1371, and 1375(b). *See* 40 C.F.R. § 35.2140 (Authority). But only orders issued pursuant to 33 U.S.C. §§ 1311, 1312, 1316, 1317, 1341, 1342, or 1345(d) may form the basis of a citizen suit under 33 U.S.C. § 1365(a)(1). *See Askins*, 809 F.3d at 875 (noting that the CWA does not permit a citizen suit for a violation of a regulation not promulgated under one of § 1365(f)'s listed sections). Plaintiff has thus failed to demonstrate subject-matter jurisdiction over the eleventh claim related to 40 C.F.R. § 35.2140.[2]

Plaintiff also provides a long excerpt from 33 U.S.C. § 1284(b). ECF 84, PgID 3097. To the extent it attempts to allege that GLWA Defendants violated § 1284(b), the provision relates only to the Administrator's decision-making process for grant approval and therefore includes nothing GLWA Defendants could violate. The eleventh claim will thus be dismissed for lack of subject-matter jurisdiction.

**CONCLUSION**

Because the claims as alleged fail to establish subject-matter jurisdiction under 33 U.S.C. § 1365(a)(1), the Court need not reach the *Rooker-Feldman* or res judicata arguments raised by GLWA Defendants or the question of whether Plaintiff failed to properly allege claims against Defendant McCormick individually. For the reasons

---

[2] To the extent Plaintiff pleads a violation of 42 C.F.R. § 35.2208 outside any "cause of action" heading in its complaint, *see* ECF 84, PgID 3088, the allegation fails for the same reason. 40 C.F.R. § 35.2208 was promulgated under the same statutory provisions as § 35.2140. *See* 40 C.F.R. § 35.2208 (Authority).

specified above, the Court finds that Plaintiff has failed to establish the Court's subject-matter jurisdiction over its claims against GLWA Defendants and therefore will grant both Defendants' motions to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant GLWA's motion to dismiss [87] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Susan McCormick's motion to dismiss [88] is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: September 26, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 26, 2018, by electronic and/or ordinary mail.

s/David P. Parker<br>Case Manager