UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF HIGHLAND PARK,

    Plaintiff,

v.

ENVIRONMENTAL PROTECTION
AGENCY, et al.,

    Defendants.

Case No. 2:16-cv-13840

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER GRANTING DEFENDANT EPA'S
MOTION TO DISMISS [86], FINDING PLAINTIFF'S
MOTION FOR LEAVE TO REQUEST JUDICIAL NOTICE [101]
AND MOTION FOR LEAVE TO FILE NOTICE [102] MOOT, AND CLOSING THE CASE**

On October 28, 2016, Plaintiff filed its original complaint. ECF 1. On October 14, 2017, Plaintiff filed a first amended complaint. ECF 84. The amended complaint alleges twelve claims against five defendants. All claims arise out of Defendant Great Lakes Water Authority's ("GLWA") alleged overcharging of the City of Highland Park for its sewer services. *See id.* at 3046–47. The relationship between Plaintiff and GLWA, as well as GLWA's predecessor within the relationship, the Detroit Water and Sewage Department ("DWSD"), has been litigious for decades. *See id.* at 3053–63 (the EPA filed an enforcement action against DWSD in 1977, which resulted in a series of consent orders and settlement agreements, including a 1983 sewer services contract and a 1996 settlement agreement, which GLWA filed a lawsuit in 2013 to enforce). Plaintiff brought suit against the United States Environmental Protection Agency ("EPA") alleging the EPA failed to take various regulatory actions against Defendant GLWA under the Clean Water

Act ("CWA"), 33 U.S.C. § 1251, *et seq*. On October 30, 2017, the EPA filed a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). ECF 86.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When subject-matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.,* 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). In a case against the United States or one of its agencies, Plaintiff's burden includes establishing that sovereign immunity has been waived. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

## DISCUSSION

Because Plaintiff has failed to demonstrate a waiver of sovereign immunity, the Court will grant the EPA's motion to dismiss. Plaintiff asserts nine total claims against the EPA in its first amended complaint: the first eight claims and the twelfth claim. ECF 84, PgID 2068–89, 3103–08. The CWA contains a citizen-suit provision permitting any citizen to sue the EPA Administrator ("Administrator") for failing to perform certain nondiscretionary duties. 33 U.S.C. § 1365(a)(2). Agency decisions regarding whether to take enforcement actions are presumptively discretionary, because they require findings

not only of whether violations have occurred but also of how agency resources are best allocated. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985). The presumption is overcome only by a Congressional indication of intent to limit enforcement discretion accompanied by meaningful standards defining the limits. *See id.* at 834–35. The EPA argues that the citizen-suit provision of the CWA does not waive the EPA's sovereign immunity as to any of Plaintiff's claims because each claim seeks to require the EPA to perform or refuse to perform a discretionary act. The Court agrees.

I. <u>First Claim</u>

Plaintiff alleges that the EPA has failed to require GLWA to comply with its grant provisions. ECF 84, PgID 3068–71. Plaintiff avers that court-issued consent orders and the EPA's own regulations, 40 C.F.R. §§ 35.929-1(e)–(g) and § 35.935-1, create a nondiscretionary duty for the administrator to enforce grant provisions. Courts are divided over whether the citizen-suit provision of the CWA, or the nearly identical provision of the Clean Air Act, permits suits to enforce regulatory, rather than statutory, nondiscretionary duties. *Compare Maine v. Thomas*, 874 F.2d 883, 888 n.7 (1st Cir. 1989) (noting that citizen-suit provision of the Clean Air Act only permits suits enforcing duties that are non-discretionary under the statute itself) *and Ohio Valley Envtl. Coal. v. McCarthy*, No. 3:15–0277, 2015 WL 3824255, at *2 n.1 (S.D. W. Va. June 19, 2015) (adopting the First Circuit's reasoning and conclusion with respect to the CWA's citizen-suit provision); *with Sierra Club v. Leavitt*, 355 F. Supp. 2d 544, 553–57 (D.D.C. 2005) (rejecting the First Circuit's reasoning and permitting a case to proceed under the Clean Air Act's citizen-suit provision based on a regulatory non-discretionary duty). The Sixth Circuit has yet to consider the issue.

But the Court need not decide the issue here because, even if the CWA waives sovereign immunity for regulatory non-discretionary duties, the first claim still fails to establish a waiver. The claim identifies no EPA duty, much less a nondiscretionary EPA duty. Plaintiff asserts that "requiring compliance with grant conditions is mandatory under EPA's own rules and regulations." ECF 84, PgID 3068. 40 C.F.R. §§ 35.929-1(e)–(g) and § 35.935-1, however, mandate compliance only by regulated parties. They do not pertain to the EPA or its enforcement duties. Plaintiff points to no language in the cited regulations or the consent orders to support its conclusion that the EPA must take action. Furthermore, the claim regards EPA enforcement. Decisions by agencies not to enforce are presumptively unreviewable. *See Heckler*, 470 U.S. at 831. And Plaintiff points to nothing overcoming the presumption.

## II. Second Claim

Plaintiff alleges that 33 U.S.C. § 1319(a)(3) requires the Administrator to: (1) make findings of violations when he becomes aware of the violations, and (2) issue compliance orders once he makes a finding. ECF 84, PgID 3017–74. Plaintiff argues that both of the duties are non-discretionary. And indeed, a few district courts held one or both § 1319(a)(3) duties to be non-discretionary before the Supreme Court decided *Heckler*. *See S. C. Wildlife Fed'n v. Alexander*, 457 F. Supp. 118 (D.S.C. 1978); *Illinois v. Hoffman*, 425 F. Supp. 71 (S.D. Ill. 1977). The circuit courts of appeal that have addressed the issue, especially post-*Heckler*, however, have uniformly come to the opposite conclusion. The appellate courts have all found that whether to make a finding is discretionary. *See Sierra Club v. Train*, 557 F.2d 485 (5th Cir. 1977) (holding, even before *Heckler*, that both § 1319(a)(3) duties are discretionary), *Dubois v. Thomas*, 820 F.2d 943 (8th Cir. 1987)

4

(same post-*Heckler*), *Sierra Club v. Whitman*, 268 F.3d 898 (9th Cir. 2001) (same), *and Bravos v. EPA*, 324 F.3d 1166 (10th Cir. 2003) (holding that the duty whether to make a finding is discretionary). The Sixth Circuit has yet to address the precise issue, but has signaled agreement with its sister circuits that the question of whether to make a finding is discretionary. *See Ohio Pub. Interest Research Grp., Inc. v. Whitman*, 386 F.3d 792, 797 (6th Cir. 2004) (citing favorably *Sierra Club v. Whitman* and holding that the Administrator's decision whether to issue a notice of deficiency under the Clean Air Act was within his discretion); *see also Askins v. Ohio Dep't of Agric.*, 809 F.3d 868, 877 (6th Cir. 2016) (holding that 33 U.S.C. §1342(c)(3) does not require the EPA to hold a hearing).

Under *Heckler*, the Court starts with the presumption that enforcement decisions are within an agency's discretion, then analyzes the statute to see if Congress overcame the presumption by indicating an intent to limit the agency's discretion. *Heckler*, 470 U.S. at 831, 834–35. The circuit courts have noted that the plain language of 33 U.S.C. § 1319(a)(3) cuts in favor of discretion. "Whenever on the basis of any information available to him the Administrator finds that any person is in violation" of certain provisions of the CWA, "he shall issue an order requiring such person to comply with such section or requirement, or he shall bring a civil action in accordance with subsection (b) of this section." 33 U.S.C. § 1319(a)(3). No language indicates that the Administrator must make a finding if he has information available to him. 33 U.S.C. § 1319(a)(3) is analogous to 33 U.S.C. § 1342(c)(3), which directs the Administrator to take action "[w]henever [the U.S. EPA] determines after a public hearing[.]" The Sixth Circuit held that § 1342(c)(3) does not require the EPA to hold a public hearing. *Askins*, 809 F.3d at 877. Furthermore, "the availability of citizen suits" is "intended to supplement, rather than supplant, enforcement

5

actions by the government." *Sierra Club v. Whitman*, 268 F.3d at 905. In allowing such suits, "Congress implicitly acknowledged that there would be situations in which the EPA did not act." *Id.* The statute does not indicate congressional intent to limit enforcement discretion and thus does not overcome *Heckler*'s presumption of discretion.

The Court need not reach the issue of whether the EPA has a non-discretionary duty to enforce the CWA or related regulations once it has found a violation because Plaintiff has failed to demonstrate that the EPA has made a finding. The Court is not persuaded by Plaintiff's argument that the EPA's allegations in its 1977 court filings constitute a finding under 33 U.S.C. § 1319(a)(3). Regardless, even if the allegations did constitute a finding, Plaintiff acknowledges that the EPA's 1977 lawsuit was an "enforcement action." *See* ECF 92, PgID 4139. Plaintiff concedes that the Administrator retains the discretion to decide his means of enforcement. *See id.* at 4139–40. And, since § 1319(a)(3) specifically permits enforcement through "a civil action," any duty the EPA may have had was discharged when it filed its complaint in the 1977 lawsuit.

III. <u>Third Claim</u>

Plaintiff alleges that the CWA requires the Administrator "to make a 'finding' under § 1319(a)(2) or a 'determination' under § 1342(c)(3)[.]" ECF 84, PgID 3076. Before a CWA citizen-suit can be brought against the Administrator, the plaintiff must provide him with sixty days' notice. 33 U.S.C. § 1365(b)(2). The notice must be in the form prescribed by regulation. *Id.* Per regulation, the notice must: (1) identify the CWA provision creating the nondiscretionary duty, and (2) specify the act or omission constituting the violation. 40 C.F.R. § 135.3. Plaintiff did not identify §§ 1319(a)(2) or 1342(c)(3) in either its notice or

6

addendum. *See* ECF 86-1, PgID 3372–82; ECF 84-16, PgID 1398–1406. Plaintiff accordingly failed to provide adequate notice of the claim. *See* 33 U.S.C. § 1364(b)(2).

Even if Plaintiff provided adequate notice, though, the claim would still fail. The Sixth Circuit has directly ruled on the issue related to 33 U.S.C. § 1342(c)(3): "[w]hile the Clean Water Act does require the U.S. EPA to withdraw approval of a state-NPDES program after a hearing, notice, and time to cure, it does not require the U.S. EPA to hold a hearing in the first place." *Askins*, 809 F.3d at 877. The wording of the finding section of 33 U.S.C. § 1319(a)(2) is nearly identical to beginning of § 1319(a)(3): "[w]henever, on the basis of information available to him, the Administrator finds . . . ."[1] There is no reason to construe the language as creating a non-discretionary duty because § 1319(a)(3) does not do so and *Askins*'s reasoning regarding § 1342(c)(3) hearings is analogous.

Plaintiff further alleges that the Administrator has breached nondiscretionary duties under 33 U.S.C. § 1311. The language Plaintiff attributes to § 1311(1)(A) and § 1311(1)(B) is contained in § 1311(i)(2)(A) and § 1311(i)(2)(B). Plaintiff's alleged violations are unclear. Moreover, whether Plainitff's allegations under § 1319(a)(2) and § 1342(c)(3) are separate from its § 1311 claims is unclear. Regardless, neither subsection of § 1311 creates a nondiscretionary duty that Plaintiff can rely on. § 1311(i)(2)(A) contains purely discretionary terms: upon finding good faith, the Administrator "*may* grant such request and issue or modify such a permit . . . ." (emphasis added). The language cited from § 1311(i)(2)(B) relates specifically to requirements for granting time modifications, which are not relevant to Plaintiff's claim.

---

[1] *Compare* 33 U.S.C. § 1319(a)(3): "[w]henever, on the basis of any information available to him, the Administrator finds . . . ."

7

IV.  Fourth Claim

Plaintiff alleges that the EPA has a nondiscretionary duty to enforce §§ 1311 and 1317. ECF 84, PgID 3076–81. Plaintiff again failed to mention either provision in its notice and addendum and therefore failed to provide adequate notice of the claim. *See* ECF 86-1, PgID 3372–82; ECF 84-16, PgID 1398–1406. *See* 33 U.S.C. § 1365(b)(2).

Even if Plaintiff provided adequate notice, however, the claim would fail. As discussed above, under *Heckler*, enforcement decisions are generally discretionary. Although Congress can overcome the presumption by indicating an intent to curb agency discretion, Plaintiff points to no statutory text creating any EPA duty. Rather, Plaintiff obliquely alleges that the EPA has a nondiscretionary duty to enforce §§ 1311, 1317(a), and 1317(b). Neither referenced sub-section of § 1317 creates any duty for the Administrator to enforce CWA provisions against specific regulated parties. Rather, both involve the Administrator's duties to promulgate general lists and regulations governing the entire nation. As to § 1311, Plaintiff fails to specify any applicable subpart from § 1311's diverse subparts. Absent any specification, the Court must construe Plaintiff's fourth cause of action as relying on a general duty of the EPA to enforce statutes it administers. A claim of a general enforcement duty cannot overcome the *Heckler* presumption of discretion. *See* Heckler, 470 U.S. 834–35.

V.  Fifth Claim

Plaintiff alleges that the "EPA is in violation of [a] non-discretionary duty to issue a compliance order for GLWA to comply with of [sic] the Combined Sewer Overflow ["CSO"] control policy[.]" ECF 84, PgID 3082. Plaintiff fails, however, to allege any statutory or regulatory basis for the alleged duty. It cites only 33 U.S.C. § 1342(q), which requires

8

permits to conform to the CSO policy, yet contains no language creating any post-approval duties.

## VI. Sixth Claim

Plaintiff alleges that the EPA has failed to enforce mandatory grant conditions under its permit and consent orders. *Id.* at 3083–84. The only provision Plaintiff cites as allegedly creating a duty is 33 U.S.C. § 1284(b). The provision involves the EPA's decision-making process for issuing grants. Plaintiff concedes that the Administrator's "decision to make the grant" is "purely discretionary." ECF 84, PgID 3084, ¶ 128.[2] In light of the concession, Plaintiff's claim fails.

## VII. Seventh Claim

Plaintiff alleges that the EPA has violated a nondiscretionary duty not to approve the Michigan Department of Environmental Quality ("MDEQ") administered program unless it meets certain requirements. ECF 84, PgID 3085–86. Plaintiff cites § 1342(b)(8)–(9) for the proposition. But Plaintiff never mentioned § 1342 in its notice, and therefore failed to give adequate notice of the claim. *See* ECF 86-1, PgID 3372–82; ECF 84-16, PgID 1398–1406; *see also* 33 U.S.C. §1365(b)(2).

Even if Plaintiff had given proper notice, the claim would fail because §1342(b) states: "[t]he Administrator shall approve each submitted program unless he determines that adequate authority does not exist," followed by nine types of authority the

---

[2] Plaintiff appears to seek an injunction of the EPA's ability to approve grants without considering § 1284(b)'s factors. The Court will not take up the issue because Plaintiff lacks standing for the apparent claim. It fails to allege facts demonstrating that any alleged harm is "concrete and particularized . . . [and] actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted).

9

Administrator might lack. To construe the provision as creating a nondiscretionary duty for the Administrator to deny approval to grant programs absent certain findings would be contrary to its plain language.

VIII. <u>Eighth Claim</u>

Plaintiff alleges that the EPA failed to enforce specific requirements on the Michigan Department of Transportation ("MDOT") and Wayne County, citing to § 1318. ECF 84, PgID 3086–87. The language Plaintiff cites from § 1318 is actually found in § 1314(b)(1)(B). Regardless, Plaintiff did not cite to either statutory provision in his notice or addendum and therefore failed to provide adequate notice. *See* ECF 86-1, PgID 3372–82; ECF 84-16, PgID 1398–1406; *see also* 33 U.S.C. § 1365(b)(2).

Even if Plaintiff had provided adequate notice, the cited statutory language refers to the Administrator's duty to promulgate general guidelines governing the entire nation and is irrelevant to a claim regarding specific enforcement. Plaintiff also alleges that the EPA is required to assess civil penalties under § 1319. But, absent a violation, civil penalties are improper.

IX. <u>Twelfth Claim</u>

Plaintiff seeks to enjoin grants from the EPA to the GLWA. ECF 84, PgID 3103–08. As noted above, however, Plaintiff already conceded in its complaint that the Administrator's decision to issue a grant is "purely discretionary." *Id.* at 3084. And, if Plaintiff seeks to enjoin new grants that have not yet gone through the approval process, any injury would be far too speculative and Plaintiff would lack standing to sue. *See supra* Part VI, n.2. If, however, Plaintiff seeks to enjoin continuing grants from a series of grants

that the EPA has already approved, it fails to point to any provision creating a continuing, post-approval duty. The claim must be dismissed.

## CONCLUSION

Plaintiff has failed to meet its burden of establishing subject-matter jurisdiction. Plaintiff has failed to allege any violation of a nondiscretionary duty that would result in waiver and give rise to subject-matter jurisdiction under 33 U.S.C. § 1365(a)(2). The EPA—as an agency of the federal government—enjoys sovereign immunity. The Court will therefore grant the EPA's motion to dismiss and dismiss the EPA as a Defendant in the case. Because Defendants GLWA and McCormick have already been dismissed, and Plaintiff fails to name Defendants McCarthy or Kaplan in any of its claims, this order closes the case.

**WHEREFORE**, it is hereby **ORDERED** that Defendant EPA's motion to dismiss for lack of subject-matter jurisdiction [86] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to request judicial notice of Wayne County Circuit Court order [101] and motion for leave to file notice of settlement [102] are **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE THE CASE**.

**SO ORDERED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: September 29, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 29, 2018, by electronic and/or ordinary mail.

                                              s/David P. Parker
                                              Case Manager