UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF HIGHLAND PARK,

   Plaintiff,      Case No. 2:16-cv-13840

v.          HONORABLE STEPHEN J. MURPHY, III

ENVIRONMENTAL PROTECTION
AGENCY, et al.,

   Defendants.

_____/

## <u>OMNIBUS ORDER REGARDING ATTORNEY'S FEES</u>

In September 2018, the Court granted the remaining Defendants' motions to dismiss. ECF 109, 110. On July 30, 2019, the Court denied Plaintiff's motion for reconsideration of the order granting Defendants Great Lakes Water Authority ("GLWA") and Susan McCormick's (collectively, "GLWA Defendants") motions to dismiss. ECF 117. Plaintiff then appealed. ECF 119. While the appeal was pending, GLWA Defendants filed a motion for attorney's fees. ECF 121. The Court denied the motion without prejudice and explained that although it retained jurisdiction over attorney's fees disputes even while an appeal was pending, it would decline to consider the motion until the Sixth Circuit Court of Appeals ruled on the appeal. *See* ECF 128. The Court gave GLWA Defendants until 28 days after the Sixth Circuit issued an opinion in the case to refile their attorney's fees motion. *Id.* at 5787. The Sixth Circuit then affirmed the Court's dismissal order, ECF 129, and GLWA Defendants timely renewed their motion, ECF 130 ("Renewed Motion").

Plaintiff failed to respond to the Renewed Motion until 24 days after it was filed. ECF 131. And Plaintiff has since filed a motion for leave to file a supplemental brief, ECF 133, and a motion for leave to file a sur-reply, ECF 135. For the reasons below, the Court will deny Plaintiff's two motions and will strike Plaintiff's response as untimely. And the Court will grant in part and deny in part the Renewed Motion and require more specific billing records.

## BACKGROUND

The present case is the latest of a long history of litigation between Plaintiff and GLWA and GLWA's predecessor in interest. *See* ECF 129, PgID 5792 (6th Circuit opinion affirming dismissal). Plaintiff filed its amended complaint on October 14, 2017, and alleged that GLWA Defendants were overcharging Plaintiff and violating various provisions of the Clean Water Act ("CWA") when they were treating Plaintiff's sewage water. *See* ECF 84, PgID 3046–48. It also filed related cases in federal and state courts that alleged GLWA and others violated previous settlement agreements, breached contracts with Plaintiff, and violated provisions of the Michigan state constitution. *Id.* at 3048. In the present case, Plaintiff raised three claims against GLWA Defendants for alleged violations of the CWA—the ninth, tenth, and eleventh claims in the amended complaint. *See* ECF 109, PgID 4972. But the Court dismissed all three claims for lack of subject-matter jurisdiction when it found that Plaintiff did not adequately allege a violation of any provision that triggered the CWA's citizen-suit provision. *Id.* at 4974–77.

Plaintiff filed a motion for reconsideration of the Court's dismissal order, ECF ECF 114, that the Court denied, ECF 117. Plaintiff then appealed the order only as to the ninth claim. *See* ECF 129, PgID 5790–91. The Sixth Circuit held that Plaintiff's pleading was sufficient to invoke federal jurisdiction but upheld the dismissal because Plaintiff failed to state a claim on which relief could be granted. *Id.* at 5797. GLWA Defendants now seek attorney's fees. ECF 130.

## LEGAL STANDARD

"The [C]ourt, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33. U.S.C. § 1365(d). "[A] defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party. . . . The defendant may prevail even if the [C]ourt's final judgment rejects the plaintiff's claim for a nonmerits reason.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S.Ct. 1642, 1651 (2016).[1] But in order for a defendant to be deemed a "prevailing party" for purposes of the attorney's fees provision, it must show that "the plaintiff's 'claim was frivolous, unreasonable, or groundless'" or that "the plaintiff continued to litigate after it clearly

---

[1] Although *CRST Van Expedited* addressed the fee shifting provision of Title VII, the Supreme Court explicitly noted that "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *CRST Van Expedited*, 136 S.Ct. at 1646 (citations omitted). The Court will therefore interpret the term as used in the CWA's fee-shifting provision consistently with the Supreme Court's Title VII interpretation.

became so." *Id.* at 1646 (quoting *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978)).

When fees are merited, "[t]he Supreme Court has made it clear that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes which provide for such fees." *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991) (citations omitted). The lodestar method requires the Court to "multiply[] the attorney's reasonable hourly rate by the number of hours reasonably expended." *Id.* (quoting *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990)).

## DISCUSSION

I.    <u>Plaintiff's Motions and Timeliness of Response</u>

Before addressing the merits of the Renewed Motion, the Court must address Plaintiff's motions for leave to file a sur-reply and a supplemental brief and must address the timeliness of Plaintiff's response to the Renewed Motion. When the Court addressed GLWA Defendants' initial motion for attorney's fees, it explicitly noted that it "retains jurisdiction to resolve a motion for attorney['s fees or sanctions even while an appeal of the merits is pending in the court of appeals." ECF 128, PgID 5786 (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir. 1988)). But because the motion "turn[ed] on whether the moving Defendants were prevailing parties and whether the action was frivolous," the Court "decline[d] to rule on the merits of the motion until after the Sixth Circuit rule[d] on" Plaintiff's then-pending appeal. *Id.* at 5786–87. The Court set a clear timeline for the renewed

4

motion—"28 days after the Sixth Circuit issues its opinion." *Id.* at 5787. And GLWA Defendants filed the Renewed Motion exactly 28 days after the Sixth Circuit issued its opinion. *See* ECF 129, 130.

Nothing in the Court's prior order amended the briefing schedule once the motion was filed. *See* ECF 128. And the local rules allow a party only 14 days to respond to a motion for attorney's fees. E.D. Mich. LR 54.1.2(b). But Plaintiff failed to file its response to the Renewed Motion until 24 days after the motion was filed. ECF 131. When GLWA Defendants' pointed out Plaintiff's failing, Plaintiff filed a motion for leave to file a sur-reply to address the timeliness issue. ECF 135. The motion was a bizarre attempt by Plaintiff to avoid being held to the standard to which every party and attorney who comes before this Court is held—familiarity and compliance with the local rules. The motion relied on the fact that GLWA Defendants indicated in an email to Plaintiff that there was ambiguity about the timing of their own deadline to file the Renewed Motion in light of Plaintiff's request in the Sixth Circuit for an extension of time to file a motion for reconsideration. *See id.* at 6132–33. But it is unclear to the Court why any potential ambiguity about GLWA Defendants' deadline to file their motion would affect Plaintiff's response deadline once the motion was filed—particularly when GLWA Defendants informed Plaintiff via email that they were going to file their motion on that date. *See* ECF 135-2, PgID 6153. Plaintiff's motion to file a sur-reply will therefore be denied, and the Court will strike Plaintiff's response to the Renewed Motion as untimely.

Plaintiff also filed a motion for leave to file a supplemental brief after the appellate mandate issued. ECF 133. But the Court will deny that motion as well because it is based on Plaintiff's flawed understanding of one line in the appellate mandate. The Sixth Circuit mandate stated: "COSTS: None." ECF 132, PgID 6104. That line in the mandate indicates only that the Sixth Circuit did not award any costs to either part in the appeal. Plaintiff's desire that the Court read into that line a determination by the Sixth Circuit that Plaintiff's lawsuit was not frivolous lacks merit. *See* ECF 133. And the Court is aware of no case law, and Plaintiff provided none, to support that interpretation. Under the Federal Rules of Appellate Procedure, an appellate court "may" award damages and costs to an appellee when it determines that an appeal was frivolous. *See* Fed. R. App. P. 38. But it does not follow from that discretionary allowance that an appellate court's failure to award costs constitutes a determination that the appeal was not frivolous. The appellate court made no determination that in any way binds or affects the Court's analysis of the Renewed Motion. The Court will therefore deny Plaintiff's motion for leave to file a supplemental brief.

II. <u>The Renewed Motion</u>

    A. *Prevailing Party*

As to the Renewed Motion, GLWA Defendants were "prevailing parties" within the meaning of 33 U.S.C. § 1365(d) because the claims against them were groundless and were resolved in their favor. *See CRST Van Expedited*, 136 S.Ct. at 1652. Plaintiff attempted to state three claims against GLWA Defendants. *See* ECF 109, PgID 4972.

Plaintiff first alleged "that GLWA Defendants violated a condition of GLWA's permit by violating the EPA's Financial Capability Guidance Document ("Guidance Document")." ECF 109, PgID 4974 (citing ECF 84, PgID 3091). But, as the Court held when it granted GLWA Defendants' motions to dismiss, Plaintiff did not actually plead a single fact supporting that claim. *See id.* Plaintiff next alleged that "GLWA Defendants violated 'various orders'" and 33 U.S.C. § 1311. *Id.* at 4975. But, as the Court held, Plaintiff did not identify a single "order" that it was purportedly alleging a violation of and Plaintiff did not explain what provision of § 1311 GLWA Defendants allegedly violated or allege any facts that appeared to relate to § 1311. *Id.* Plaintiff finally alleged that "GLWA Defendants violated 40 C.F.R. § 35.2140" but again, as the Court held, that regulation could not form the basis of a CWA citizen-suit. *Id.* at 4976.

Each of Plaintiff's claims against GLWA Defendants was completely groundless and frivolous. The sections of the amended complaint directed at GLWA Defendants varied between bare assertions of violations that would support a citizen suit but were not accompanied by any supporting facts, incoherent conglomerations of facts unrelated to any alleged cause of action, and allegations of violations of regulations that could not even form a proper legal basis for a citizen suit. *See* ECF 84, PgID 3087–3103 And not only did Plaintiff bring groundless and frivolous claims initially, it filed a motion for reconsideration on all three claims and an appeal on one claim even after the Court explained in its orders that the claims were baseless. *See* ECF 109, 114, 117, 119. On appeal, the Sixth Circuit emphasized Plaintiff's lack of

7

any basis for the one claim it appealed the dismissal of. ECF 129, PgID 5795–5801. The Court will therefore grant in part GLWA Defendants attorney's fees pursuant to 33 U.S.C. § 1365(d). But because the Court cannot determine the reasonableness of GLWA Defendants' requested fees based on the records provided, as discussed below, the Court will deny in part the Renewed Motion and will require GLWA Defendants to submit more specific records of their attorneys' time.

      **B.**    *Reasonableness of the Requested Amount*

GLWA Defendants submitted affidavits by one attorney from each of the two law firms that represented them and the affidavits include the attorneys' time records. *See* ECF 130-4, 130-5, 130-6, 130-7. But the time was "block-billed" in large time chunks. *See, e.g.*, ECF 130-4, PgID 5892–99. Although block-billing is sometimes permissible, *see Smith v. Service Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014) (citations omitted), the time blocks provided here were simply too broad for the Court to determine the reasonableness of the hours expended. The attorneys combined months of work into one block of time, creating blocks as large as 95.2 hours. *See, e.g.*, ECF 130-4, PgID 5893. Although they also provided lists of the numerous tasks each block encompassed, *see id.*, the number of tasks and the length of time each block covered made it impossible for the Court to assess the request's reasonableness. The Court will therefore require GLWA Defendants to provide more specific records of the time they expended on the present proceedings so that the Court can properly assess the reasonableness of the requested fees.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for leave to file supplemental brief [133] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file sur-reply [135] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **STRIKE** Plaintiff's untimely response to Defendant's second motion for attorney's fees [131].

**IT IS FURTHER ORDERED** that Defendants' renewed motion for attorney's fees [130] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that GLWA Defendants shall **FILE** more specific records of their attorneys' time working on this case no later than **August 21, 2020**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 6, 2020


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 6, 2020, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager
