# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: November 30, 2021

Mr. Calvin B. Grigsby
Grigsby & Associates
2406 Saddleback Drive
Danville, CA 94506

Ms. Jill Margaret Wheaton
Dykema Gossett
2723 S. State Street
Suite 400
Ann Arbor, MI 48104

        Re:  Case No. 21-1173, *City of Highland Park, MI v. EPA, et al*
           Originating Case No. : 2:16-cv-13840

Dear Counsel,

 The Court issued the enclosed Order today in this case.

                Sincerely yours,

                s/Julie Anne Connor
                Case Manager
                Direct Dial No. 513-564-7033

cc:  Ms. Kinikia D. Essix
   Ms. Kathryn J. Humphrey
   Mr. Avery Keith Williams

Enclosure

No mandate to issue

No. 21-1173

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CITY OF HIGHLAND PARK, MI, | ) | **FILED** |
| | ) | Nov 30, 2021 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| GREAT LAKES WATER AUTHORITY, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MOORE, GILMAN, and KETHLEDGE, Circuit Judges.

Plaintiff City of Highland Park, Michigan, appeals the district court's order denying its motion to reconsider the court's award of attorney's fees to Defendants-Appellees Great Lakes Water Authority and its CEO Susan McCormick in this citizen suit alleging that the City violated the Clean Water Act. Appellees move to dismiss the appeal for lack of jurisdiction in the absence of a final appealable order. The City responds in opposition, arguing that the district court lacked jurisdiction to award attorney's fees in the first place, and Appellees reply. The City moves for leave to file a sur-reply and tenders its reply. The City has also filed an additional citation in

support of its motion. Appellees did not respond to the City's motion for leave, but they do oppose the additional citation.

We have jurisdiction over appeals from final judgments of the district courts under 28 U.S.C. § 1291. A decision is deemed final for purposes of an appeal under § 1291 "when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). "An order finding a party liable for attorney's fees but which does not determine the specific amount due is not a final, appealable order." *McMurphy v. City of Flushing*, 887 F.2d 1087 (6th Cir. 1989) (order) (Table) (citations omitted).

The City argues that the district court lacked jurisdiction to award attorney's fees because this appeal was pending and that this court can always consider an appeal based on the district court's lack of jurisdiction. The City is correct that we can reverse district court orders for lack of jurisdiction, *see United States v. Corrick*, 298 U.S. 435, 440 (1936) ("While the District Court lacked jurisdiction, we have jurisdiction on appeal . . ."), but the fact that we can review a district court order for a jurisdictional defect does not mean we can do so before a final appealable judgment is entered. Indeed, 28 U.S.C. § 1291 and *McMurphy* clearly indicate that we cannot. Moreover, "[t]he district court retains jurisdiction to resolve a motion for attorneys fees or sanctions even while an appeal of the merits is pending in the court of appeals," *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir. 1988), and Appellees' renewal of their motion after this court decided their appeal would have obviated any jurisdictional defect. *See also* 33 U.S.C. § 1365(d). Lacking a final appealable order, we have no jurisdiction over this premature appeal.

No. 21-1173
-3-

The motions to dismiss and for leave to file a sur-reply are therefore **GRANTED**, and the appeal is **DISMISSED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk
