UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF HIGHLAND PARK,

                Plaintiff,

v.

ENVIRONMENTAL PROTECTION
AGENCY, et al.,

                Defendants.

_____/

Case No. 2:16-cv-13840

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING ATTORNEYS' FEES [130]**

Defendants Grand Lake Water Authority ("GLWA") and Susan McCormick collectively, ("GLWA Defendants") moved for attorneys' fees. ECF 130. The Court awarded attorneys' fees under 33 U.S.C. § 1365(d) but required the GLWA Defendants to submit more specific time records. ECF 138, PgID 6169–71. The GLWA Defendants complied. ECF 140. Shortly after, the Court denied Plaintiff's pending motion for reconsideration. ECF 141. Plaintiff then appealed the Court's non-final order. ECF 142. The Sixth Circuit dismissed the appeal for lack of jurisdiction. ECF 144.

Now that the Sixth Circuit has resolved the appeal, the Court will likewise resolve the attorneys' fees motion, ECF 130. The Court ordered the GLWA Defendants to file an unredacted version of their time sheets. ECF 145. The GLWA Defendants did not timely abide by the order, ECF 148 (under seal); the Court will therefore order the Clerk of the Court to strike the untimely filing. The Court has

1

reviewed the briefing and a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Court will grant $241,418.75 to the GLWA Defendants in attorneys' fees and costs.

## BACKGROUND

In the interest of judicial economy, the Court will adopt the background section of the Court's omnibus order. ECF 138, PgID 6165–66. In the GLWA Defendants' supplemental brief, they argued that the Court should award attorneys' fees of $258,991 and order Plaintiff to pay the full amount within thirty days of the Court's order. ECF 140, PgID 6187.

## LEGAL STANDARD

"In an attorneys' fee case, the primary concern is that the fee awarded be 'reasonable.' A reasonable fee is 'adequately compensatory to attract competent counsel yet . . . avoids producing a windfall for lawyers.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (emphasis and internal citation omitted) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) and *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). The Court possesses substantial discretion to award fees, but "must provide a clear and concise explanation of its reasons for the fee award." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quotation and citation omitted).

The Court begins its attorneys' fee award calculation by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The calculation provides the Court

with the "fee applicant's 'lodestar.'" *Adcock-Ladd*, 227 F.3d at 349 (citations omitted). The Court may, "within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Id.* (citation omitted).

Twelve factors influence the Court's adjustment of a fee award. *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Disabled Patriots of Am., Inc. v. Taylor Inn Enterps., Inc.*, 424 F. Supp. 2d 962, 965–66 (E.D. Mich. 2006) (quotation and citation omitted); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("The *Johnson* factors may be relevant in adjusting the lodestar amount, but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation."). The Court's analysis may subsume many of the factors. *See Hensley*, 461 U.S. at 434 n.9 (recognizing that a court's lodestar calculation may tacitly consider some of the *Johnson* factors).

## DISCUSSION

The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*,

461 U.S. at 437. To carry the burden, attorneys must maintain time records detailed enough to enable courts to review the reasonableness of the hours expended. *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001). Courts then review the billing claims for, and exclude, "[e]xcessive, redundant, or otherwise unnecessary hours." *Butcher v. Bryson*, No. 3:12–00251, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 434).

The Court will first address the two lodestar factors: reasonableness of hourly rate and reasonableness of hours. *Hensley*, 461 U.S. at 433. Then, the Court will consider any other relevant factors. *Adcock-Ladd*, 227 F.3d at 349.

I.    Reasonable Hourly Rate

To determine a reasonable hourly rate, "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The Dykema attorneys billed $290 per hour and Williams Acosta counsel billed $185 per hour. ECF 140-12, PgID 6327. Both hourly rates are reasonable for two reasons.

First, each hourly rate is in line with the mean rate for Downtown Detroit lawyers based on the State Bar of Michigan's Economics of Law Practice Survey. *See Hazzard v. Schlee & Stillman, LLC*, No. 13–10038, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014) (noting that the Eastern District generally accepts the State Bar of

Michigan's Economics of Law Practice Survey as its benchmark to determine reasonable hourly rates for attorneys), *adopted*, 2014 WL 634205 (E.D. Mich. Feb. 18, 2014). According to the survey, Downtown Detroit lawyers billed a mean hourly rate of $286 in 2017. State Bar of Michigan, *2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report*, Table 6 (2017), https://bit.ly/3i5Pzdz [https://perma.cc/T5AJ-WHYZ].

Second, the rates are reasonable given the 2020 mean billable rate of $308 for Downtown Detroit lawyers. State Bar of Michigan, *2020 Economics of Law Practice Attorney Income and Billing Rate Summary Report*, Table 6 (2020), https://bit.ly/3pUU0uf [https://perma.cc/7EYY-AQDQ]. "Courts in this Circuit have approved the use of current billing rates when there has been a delay in payment." *United States ex rel. Ellison v. Visiting Physicians Assoc., P.C.*, No. 1:04-cv-220, 2010 WL 2854137, at *2 (S.D. Ohio July 19, 2010) (collecting cases). And a payment delay has occurred because the case languished for years. For those two reasons, the $290 and $185 hourly fees are reasonable.

II.   Reasonable Number of Hours

The Court explained that the GLWA Defendants submitted several block-billed timesheets that were "too broad for the Court to determine the reasonableness of the hours expended." ECF 138, PgID 6171. The GLWA Defendants supplemented the timesheets with more specific records. *Compare* ECF 130-4–130-7, *with* ECF 140-2–140-10. The Court will address in turn the reasonableness of each attorney's time.

Ms. Kathryn Humphrey worked 346.7 hours from November 2016 to September 2018 on the present dispute. ECF 140-2, PgID 6192, 6217. After reviewing her detailed time sheet, the Court finds that her time, except for the redacted entries, was reasonable and did not involve excessive or redundant hours. The Court will deduct the time entries that are redacted because the Court cannot determine the reasonableness of the time spent on the task without an unredacted copy. In total, 16.4 hours are deducted.[1]

Mr. Mark Jacobs worked 47 hours from November 2016 to August 2018. ECF 140-3, PgID 6220, 6225. After reviewing his detailed timesheet, the Court finds that his time was reasonable and did not involve excessive or redundant hours.

Mr. Whitley Granberry worked 118.4 hours from November 2016 to June 2018. ECF 140-4, PgID 6227, 6231. After reviewing his detailed timesheet, the Court finds that his time was reasonable and did not involve excessive or redundant hours.

Dykema attorneys worked 3.3 hours from July 2019 to August 2019. ECF 140-5, PgID 6233. After reviewing the timesheet, the Court finds that the time was reasonable and did not involve excessive or redundant hours.

Dykema attorneys worked 191.4 hours from September 2019 to April 2020. ECF 140-6.[2] After reviewing the timesheet, the Court finds that the time, except for

---

[1] 0.4 hours + 0.3 hours + 0.3 hours+ 1.2 hours + 1 hour + 0.5 hours + 4.3 hours + 3.7 hours + 1.9 hours + 2.8 hours = 16.4 hours. ECF 140-2, PgID 6205, 6208, 6211, 6213–14.
[2] In the future, parties should work to conserve judicial resources and show totals at the bottom of billing statements so that the Court can more easily check the parties' math.

the redacted entries, was reasonable and did not involve excessive or redundant hours. The Court will deduct the time entries that are redacted because the Court cannot determine the reasonableness of the time spent on the task without an unredacted copy. In total, 1.2 hours are deducted.[3]

Dykema attorneys worked 2.7 hours in May 2020. ECF 140-7, PgID 6242. After reviewing the timesheet, the Court finds that the time, except for the redacted entries, was reasonable and did not involve excessive or redundant hours. The Court will deduct the time entries that are redacted because the Court cannot determine the reasonableness of the time spent on the task without an unredacted copy. In total, 1.5 hours are deducted. *Id.*

Mr. Avery Williams of Williams Acosta worked 298.4 hours from December 2016 to July 2020. ECF 140-8–140-10; 140-12. Mr. Williams' timesheets are far less descriptive than the Dykema timesheets. *Compare* ECF 140-8, *with* ECF 140-2, PgID 6192. That said, the Court need "only the briefest description of the task completed" to find that the billable time is reasonable. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008). When Mr. Williams's time entries are "read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation" and cross-referenced with the Dykema timesheets, the Court finds that the billable time, except for the redacted entries, is reasonable and does not involve excessive or redundant hours. *Id.* The Court will deduct the time entries that are

---

[3] 0.3 hours + 0.5 hours + 0.4 hours = 1.2 hours. ECF 140-6, PgID 6238–39.

redacted because the Court cannot determine the reasonableness of the time spent

on the task without an unredacted copy. In total, 7 hours are deducted.[4]

III.   <u>Lodestar Amount</u>

Based on the hours and rates discussed above, the lodestar amount for counsel

is as follows:

- Dykema: $200,216.00 (690.4 hours multiplied by $290/hour)[5]

- Williams Acosta: $53,909.00 (291.4 hours multiplied by $185/hour)

- Total: $254,125.00

IV.   <u>Other Factors</u>

The lodestar calculation subsumes several factors relevant to the Court's

analysis.[6] But, as discussed above, the lodestar method does not include all relevant

factors, so the Court will now address the remaining factors.

---

[4] 2.5 hours + 2.5 hours + 2 hours = 7 hours. ECF 140-8, PgID 6251, 6257, 6259.

[5] Dykema claimed that there was a math error in its original fee motion. ECF 140, PgID 6187; *see* ECF 140-11, PgID 6325. But Dykema made yet another math error in its renewed motion. The total billable Dykema hours listed on ECF 140-11, PgID 6325 is 684.7 hours (512.1+172.6). When multiplied by the $290 billable rate, the total is $198,563—the original amount that Dykema asserted. ECF 130-6, PgID 5924. In short, the total Dykema billable hours listed on ECF 140-11, PgID 6325 is wrong. According to the Court's addition of all the billable Dykema hours, the total should be listed as 709.5 hours. (346.7 hours + 47 hours + 118.4 hours + 3.3 hours + 191.4 hours + 2.7 hours = 709.5 hours).

[6] For example, the reasonableness of hours worked and of hourly rates includes: "time and labor required," "the skill requisite to perform the legal service properly," "the customary fee," "time limitations imposed by the client or the circumstances," "the experience, reputation, and ability of the attorneys," and the "nature and length of the professional relationship with the client." *See Disabled Patriots*, 424 F. Supp. 2d at 965–66.

8

### A.     *Amount Involved and Results Obtained*

The amount in controversy encompassed three claims against the GLWA Defendants. ECF 138, PgID 6169–70. Because the case was dismissed and affirmed on appeal, ECF 129, the results obtained were what the Court would expect from lawyers defending against "completely groundless and frivolous" claims. ECF 138, PgID 6170. The factor thus favors a slight downward departure of the lodestar.

### B.     *Awards in Similar Cases*

Neither party briefed the factor, but the Court will note that the several appeals, duration of the case, and Plaintiff's excessive motion practice appears in line with what the Court would expect a successful defense to cost. *See id.* (recalling Plaintiff's history of filings). The factor therefore is neutral.

### C.     *Desirability of the Case*

Neither party briefed the factor, and nothing appeared undesirable about the case. The factor favors a slight downward departure of the lodestar.

### D.     *Novelty and Difficulty of the Questions Involved*

The factor favors a downward adjustment because there was nothing complex or novel about Plaintiff's claims. The claims were "completely groundless and frivolous." *Id.*

### E.     *Preclusion from Other Employment*

Although neither party briefed the factor, the Court finds that it favors a downward adjustment to the lodestar amount. The most counsel for the GLWA Defendants worked on the present case was a yearly average of about one hundred

hours. It follows that counsel was not precluded from undertaking other work. As a result, the factor favors a slight downward adjustment.

    *F.*    *Calculation of Adjustments*

    After considering the factors, the Court will make one final adjustment. The Court will reduce the overall fee award by five percent. The reduction balances the need to avoid a windfall with the need to encourage competent counsel to take similar cases. *See Adcock-Ladd*, 227 F.3d at 349

V.    <u>Award</u>

    The Court's award will reflect these reductions:

- Dykema: $190,205.20 (lodestar amount minus five percent)
- Williams Acosta: $51,213.55 (lodestar amount minus five percent)
- Total: $241,418.75

## ORDER

    **WHEREFORE**, it is hereby **ORDERED** that the GLWA Defendants are **ENTITLED** to a total attorneys' fee award of $190,205.20 for Dykema's work.

    **IT IS FURTHER ORDERED** that the GLWA Defendants are **ENTITLED** to a total attorney's fee award of $51,213.55 for Williams Acosta's work.

    **IT IS FURTHER ORDERED** that Plaintiff must **PAY** the above attorneys' fees to the GLWA Defendants within **no later than thirty days** of this Opinion and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **STRIKE** ECF 148 from the docket.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 6, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

11